Milam *vs.* Sproull.

Thomas Milam, plaintiff in error, *vs.* Rebecca Sproull, defendant in error.

Note.—Warner, C. J., did not preside in this case.

1. A substantial compliance with section 3967 of the Code, requiring written notice of the sanction of a writ of *certiorari* and the time and place of hearing is sufficient.
2. The object of giving the notice is to enable the party notified to take steps necessary for his defence.
3. *Ex parte* affidavits, taken subsequent to the granting of a *certiorari*, are inadmissible upon the hearing of the case before the Superior Court.
4. There being no evidence that the road in controversy had existed for seven years, the Inferior Court had no authority to declare it a public road without providing compensation to the land owners for the damages thereby sustained.

*Certiorari* from Inferior Court of Bartow County. Decided by Judge Milner, Chambers.

Certain citizens of Bartow County petitioned the Justices of its Inferior Court that they order " the road leading from near Dr. Thomas Milam's so as to intersect the Cartersville road near Mrs. Burges', (it being an old established road, and used by many citizens as a mill and church road, and recently closed up by Mrs. Rebecca Sproull,)" to be opened.

Thereupon the Justices appointed three reviewers to examine and report upon the same. They reported that the proposed road was practicable and ought to be established, &c. This report was not sworn to.

Without more, on the 26th February, 1866, the Justices of said Court ordered said road opened, and to be kept open, and worked as a public road.

On the 7th March, 1866, Mrs. Rebecca Sproull (and John A. Crawford, as administrator of George W. Underwood,) showed to the said Justices that said road ran through their lands, and moved to set aside said order, because said report was not sworn to ; because no notice was posted at the Court House door, nor published in a public gazette, and no notice was given to said land owners, their agents, overseers, or any

one living on said lands, prior to giving said order; and because no provision was made to pay said parties for the damage done them by the opening of said road.

On the same day last aforesaid, upon the petition of Mrs. Sproull and said Crawford, the Clerk of said Court was ordered to summon a jury (for each of them) to assess the damages. Whether this was done before or after said motion was made does not appear.

Said motion was overruled.

Mrs. Sproull filed her petition for *certiorari*, upon the grounds stated in said motion. By consent of counsel, made 15th September, 1866, it was ordered that the *certiorari* be heard and determined on the 26th September, 1866.

Defendant's attorney moved to dismiss the *certiorari*, because no written notice had been given of the time and place of hearing the same ten days before the sitting of the Court to which it was returnable.

Plaintiff's attorney relied upon the following facts as a compliance with the statute requiring such notice: While the Superior Court was in session in March, 1866, the Judge from the bench informed attorney for defendant in *certiorari* that a writ of *certiorari* had been applied for, and said attorney objected to having the same granted, because the exceptions signed by the Inferior Court were not produced, saying he was entitled, as matter of right, to their production, and thereupon the Judge refused to sanction the writ till said exceptions, so signed, were produced. They were produced, and the writ was granted during the term without further notice. Afterwards, at the instance of Mrs. Sproull, an injunction was granted against defendant in *certiorari*, (*et al.*,) and served on him the 5th April, 1866. In the bill for injunction was the following statement: "Your oratrix, through her counsel, as she is advised and believes, applied to and obtained from your Honor a writ of *certiorari*, directed to the Inferior Court of said county, directing and requiring the Clerk of said Inferior Court to certify and send up all the proceedings in said Court relative to said road, and that in the meantime all other and further proceedings in said

case relative to said road be stayed.   Copies of which writ of *certiorari*, as well as said orders of said Court appointing said reviewers, opening said road, the petition of said Milam, Tinsley, and others, asking to have said road laid out, the report of said reviewers, and the motion of your oratrix to revoke said order establishing said road, are to this bill attached as exhibits." The bill prayed that said defendants be enjoined (from using said road, &c.) until said *certiorari* was disposed of. None of the said exhibits were, in fact, attached to said bill.

And upon this, the Court refused to dismiss the *certiorari*.

Defendant in *certiorari* then produced the separate affidavits of ten persons, all dated in May and June, 1866, who swore that said road had been open and used as a public road for many years, (most of them saying thirteen years, and one saying twenty-five years,) and offered to read them, insisting that the facts stated in them may have been made known to the Inferior Court before the passage of the order, as nothing appeared in the return to the *certiorari* but a copy of the record.

The Court would not hear said affidavits read.

After argument, the Court sustained the *certiorari*, and ordered that the order of the Inferior Court be set aside, because the reviewers were not sworn, because no notice was posted or published, nor any written notice served on Mrs. Sproull or her overseer residing on the land through which the road ran, and because no provision was made for payment of damages as the law directs, and further ordered that said case be remanded back to said Inferior Court.

Error is assigned upon the refusal of the Court to dismiss the *certiorari* and to hear the affidavits, and because the Court sustained the *certiorari* and set aside the order of the Inferior Court opening said road.

WARREN AKIN, for plaintiff in error.

J. R. PARROTT, for defendant in error.

WALKER, J.

1. The application for a writ of *certiorari* was made in open Court. The Judge from the bench notified the opposite counsel of the application, and that counsel objected to the granting of the writ until the exceptions signed by the Inferior Court should be produced, and the Judge refused his sanction until the cause of this objection was removed. If the counsel did not examine the petition for *certiorari*, how did he know that the bill of exceptions did not accompany it? The petitioned was backed, showing to what term of the Court it was made returnable. It was applied for and granted in open Court, during a regular term, and, of course, would be returnable to the next term. The calling of the attention of the counsel to the application, which application contained evidence that the case was returnable to the next term, and which, from the facts apparent, must have been examined by the counsel, certainly was notice in writing of the time and place where the *certiorari* would be heard. The bill served on the party was written notice that the writ had been granted. Together they are a substantial compliance with the statute. At the proper time and place of hearing, the counsel is present, a continuance for ten days is agreed on, and then a host of affidavits, taken months before, presented, for the purpose of showing the rights of the parties respecting the matters in controversy. And notwithstanding all this, the Court is gravely asked to dismiss the *certiorari* because the party had no notice! There was a substantial compliance with the requirements of the statute, and the Court did right to overrule the motion to dismiss.

2. The object of giving notice to a party of the sanction of a writ is to inform him of the fact, so that he may take such steps as he may deem proper for his protection in the premises. If the party be in fact notified in writing, though not formally, and appear at the time and place of hearing the *certiorari*, the writ should not be dismissed. Courts administer to parties substantial justice according to law, and listen with little favor to mere technical objections not affecting the

Milam *vs.* Sproull.

merits of the controversy.   The Acts of our Legislature, as well as the spirit of the age, are in favor of arriving at substantial justice without much regard to mere forms.   If a party be notified, however informally, and is present in Court at the proper time, the tendency of the Courts is to hold him bound.   If in consequence of a want of time for preparation the party be unprepared to proceed then, the Courts by continuance, or otherwise, are disposed so to direct the proceedings that a hearing may be had on the real merits rather than turn parties out of Court on mere technicalities.   The Courts possess ample discretionary powers to protect the rights of all suitors, so that complete justice may be meted out to all.   If a party be guilty of *laches*, the Court will impose such penalty as the justice of the case may require.

3.  Upon the hearing, the defendant in *certiorari* proposed to read sundry affidavits taken after the trial in the Inferior Court, for the purpose of showing that though upon the case as then made the plaintiff might have a good cause for *certiorari*, yet that upon a new trial it could do the party no good ; and the Superior Court should pass upon the merits of the controversy, viewed in the light of these *ex parte* affidavits.   Or to express it differently, if the Inferior Court, upon the case as made before it, committed an error, the Superior Court should not correct that error for the reason that on another trial the defendant can get up evidence sufficient to show that justice was done after all.   The object of a *certiorari* is " to correct errors in inferior judicatories," and to enable the Superior Court to correct these errors, the case, as made in the Court below, should be presented to the Superior Court, and it has no authority to hear the case *de novo*.   Certainly the Inferior Court committed no error in not hearing and acting on these affidavits, because they were not tendered. When the case is remanded, the party can offer such legal testimony as he may see proper, and the action of the Court upon it will be subject to review.   The course proposed by plaintiff in error would confer upon the Superior Court original jurisdiction in cases which are properly cognizable elsewhere.   No authority was read in favor of the power thus

claimed for the Superior Court, and we have no knowledge that any such exists. The Superior Court did right to repel the proposed affidavits.

4. There being no evidence that the road in controversy had existed for seven years, the Inferior Court had no authority to declare it a public road without compensating the owners of the soil for the damages thereby sustained. Whether a road made by use, such as is usually called a " neighborhood road," is technically a " private way," may admit of doubt. The Code, section 692, authorizes the Inferior Courts " to grant private ways to individuals," &c. Does not section 709 refer to private ways thus granted ? Of course, the rights of the public by presciption or dedication may exist aside from this provision of the Code. The Court did right to sustain the *certiorari.*

Judgment affirmed.