## FOUCHÉ & FOUCHÉ *v.* MORRIS.

1. A right of action for a tort is not extinguished by a "compromise settlement" in which a given sum is to be paid to the injured party, unless it be expressly agreed between the parties that the promise to pay the amount fixed by the settlement shall be accepted as a satisfaction of the original claim.

2. Upon the hearing of a certiorari the judge of the superior court has no authority to decide any question which is not raised by a distinct assignment of error in the petition for certiorari.

Argued October 5,—Decided October 31, 1900.

Certiorari. Before Judge Henry. Floyd superior court. March term, 1900.

*Fouché & Fouché,* for plaintiffs in error.
*Lumpkin & Bale,* contra.

COBB, J. Morris caused a summons of garnishment to be issued directed to Fouché & Fouché, requiring them to appear at a justice's court and answer what they were indebted to George Duncan. The garnishees appeared and answered that they owed Duncan nothing. This answer was traversed by Morris. Upon the trial of the traverse in the justice's court the following state of facts was disclosed: About thirty days prior to December, 1899, Fouché & Fouché, representing George Duncan, and I. E. Shumate, representing the Southern Railway Company, entered into a "compromise settlement," for the sum of $1,400, of the case of George Duncan against the Southern Railway Company for personal injuries; the money to be paid over to Fouché & Fouché as soon as the voucher

could be sent on and signed. The summons of garnishment was served on December 8, 1899. On the same day and subsequently to such service the voucher agreed on was received by Fouché & Fouché. The case of George Duncan against the Southern Railway was not dismissed until after the voucher was received. On December 4, 1899, Fouché & Fouché had presented to them a written order, which was signed by George Duncan and directed to them, in the following words: "Pay to Jno. H. Reynolds, or order, the money coming to me from the Southern Railway Company." On that day the following entry was made on the back of the order: "Accepted, subject to fee, and amount recovered." This entry was signed by one of the members of the firm of Fouché & Fouché in his individual name, who testified that in making the acceptance he was representing his firm, and also that the acceptance was made by him subsequently to the date of the agreed settlement of the George Duncan case and prior to the service of the summons of garnishment. The justice sustained the traverse and entered judgment against the garnishees. The case was carried to the superior court by certiorari, where the decision of the justice was affirmed; and to this ruling the garnishees excepted.

1. A right of action for a personal tort is not assignable. Civil Code, § 3079. It is conceded that the right of action of Duncan against the Southern Railway Company for personal injuries was not assignable, but it is contended that the evidence required a finding that there had been an accord and satisfaction, and that the assignment related, not to the right of action for the tort, but to the amount which the plaintiff was entitled to receive under the "compromise settlement," as it was termed in the evidence. In other words, that the promise of the Southern Railway Company to pay $1,400 in satisfaction of the claim for personal injuries operated as an extinguishment of the right of action for the tort. The code declares that an accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. And that the execution of the new agreement may itself amount to a satisfaction, where it is expressly agreed by the parties. Civil Code, § 3732. In order for there to be an accord and satisfaction the accord must be executed. As long as it is executory the original cause of action is not extinguished. While a promise may constitute performance and an accord be ex-

ecuted by a promise, it will never amount to performance of an accord unless it is expressly agreed by the parties that the same shall be accepted in satisfaction. *Brunswick & Western Railway Company* v. *Clem*, 80 *Ga.* 334; *Gamble* v. *Central Railroad Co.*, 80 *Ga.* 595; *Long* v. *Scanlan*, 105 *Ga.* 424. The evidence disclosing that the promise on the part of the Southern Railway Company to pay $1,400 was not accepted in satisfaction of the claim of Duncan for damages, the accord entered into between the parties was not executed until the money was actually paid. The fact that Duncan's suit was not dismissed until after the money was received, and the peculiar language of the acceptance of the order, are strong indications that it was not the intention of Duncan to accept the promise of the railway company to pay, as a satisfaction of his claim for damages. The alleged assignment being ineffectual to pass the title to the fund in controversy to the assignee, there was no error in the judgment sustaining the traverse to the answer of the garnishees.

2. The bill of exceptions alleges that the judge of the superior court erred in deciding that the service of the summons of garnishment on one member of the firm bound assets in the hands of the firm, and also in allowing the judgment of the justice to stand against the garnishees, it not appearing that any judgment had been obtained against the defendant. The assignment of error in the petition for certiorari is in the following language: "After argument by counsel the said [justice] rendered his judgment in favor of the traverse, and petitioners say that said judgment and finding was error: Because it was contrary to law, and without evidence to support it, and contrary to evidence. And for specific assignment of error petitioners say, that the court erred in finding in favor of said traverse, and in rendering a judgment against garnishees." Fairly construed, the assignment of error does not raise any question except as to the propriety of the decision of the justice on the issue made by the traverse, and there is nothing in such assignment of error which can be properly construed to raise either of the questions above referred to. See, in this connection, *Roberts* v. *Keeler*, 111 *Ga.* 181. These questions not being properly before the judge of the superior court, any decision that he may have made thereon can not be made the foundation for an assignment of error in the

bill. of exceptions sued out for the purpose of bringing the case to this court.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*