## CARTER *v.* GARRETT.

1. A superior court in disposing of a certiorari can not properly predicate its action upon any oral "representation" of fact made while the hearing is in progress, but must try the case by the record.
2. The only question which the certiorari in this case properly presented for determination by the superior court was whether or not the verdict complained of was warranted by the evidence; and as that court did not pass thereon, direction is given that it do so at the next hearing.

Argued June 20,—Decided July 22, 1901.

Certiorari. Before Judge Estes. Habersham superior court. September 8, 1900.

*J. C. Edwards* and *J. R. Grant,* for plaintiff in error.
*Robert McMillan,* contra.

LUMPKIN, P. J.    At the May term, 1900, of the justice's court for the 422d district, G. M., of Habersham county, there was tried on appeal a case in which E. J. Garrett was plaintiff and Charles H. Carter defendant.    It appears that the plaintiff began proceedings for the foreclosure of a landlord's lien; that the same were met by a counter-affidavit on the part of the defendant, in which he set up a cross-demand against the plaintiff; that the trial resulted in a verdict for the defendant for $45.15; and that the plaintiff sued out a certiorari.    The petition for certiorari alleged that the verdict was contrary to evidence and without evidence to support it; that a constable had improperly participated with the jury in making up the verdict; and that, at divers times before the trial on appeal, the plaintiff had directed the magistrate to dismiss the action, and had "tried" to have it dismissed.    But the petition contained no recital that the plaintiff had moved at the trial under review to have the case stricken from the docket, or that he then raised any ob-

jection to the case being heard on its merits. The answer of the magistrate set forth the evidence introduced at the hearing, but contained nothing verifying the alleged misconduct on the part of the constable. It also set forth in detail the magistrate's version of various interviews had between himself and the plaintiff, in advance of the trial, with respect to the dismissal of the action. At the hearing in the superior court the case was disposed of by an order in the following words: "It being represented to this court that the case brought by E. J. Garrett *vs.* Chas. H. Carter (the same being an affidavit to foreclose a landlord's lien) was dismissed by the plaintiff before the defendant had filed any counter-claim or set-off, and before defendant had acquired any rights to prevent a dismissal, it is therefore ordered that the same be sent back for a new trial; and if the case had been dismissed by plff.,before any set-off had been filed, then the officer before whom it was issued is ordered to dismiss the whole proceeding and have no trial. Let plaintiff in certiorari have leave to enter up judgment against deft. for costs in this court."

It is evident that the recitals in the petition for certiorari and in the magistrate's answer with respect to the attempted dismissal of the action were wholly irrelevant, the same relating to matters occurring anterior to the trial on the appeal in the justice's court, and as to which no ruling was invoked during the progress of that trial. As the charge of improper conduct on the part of the constable was not verified, the only question presented for determination by the judge of the superior court was whether or not the evidence warranted the verdict, and upon this question he did not undertake to pass. The judgment actually rendered was clearly erroneous, the same having been based upon an oral "representation" made by some one, whose identity is not disclosed, while the case was pending for disposal in the superior court. The certiorari ought to have been tried on its merits and by the record, and not upon any outside representations. *Milam* v. *Sproull*, 36 *Ga.* 393; *Scroggins* v. *State*, 55 *Ga.* 380; *Fouché* v. *Morris*, 112 *Ga.* 143; *Brown* v. *Alexander*, Ibid. 247. We therefore reverse the judgment, with direction that the superior court at the next hearing pass upon and determine the question whether or not the verdict in the defendant's favor was sufficiently supported by evidence.

*Judgment reversed, with direction. All the Justices concurring.*