NEAL *v.* FOX.

SIMMONS, C. J.     1. Even if it is necessary that a petition for certiorari should be signed by the petitioner or his counsel, it is sufficient if the petitioner sign the affidavit to the petition.

2. Where upon the trial of a case before a magistrate in a justice's court the plaintiff closes his evidence and the defendant moves to dismiss the case because of an insufficiency of the plaintiff's evidence, the magistrate should not dismiss the case, but, if the plaintiff's evidence is not sufficient to authorize a judgment in his favor, should grant a nonsuit or find in favor of the defendant.     If the magistrate erroneously makes an entry on his docket that the case is dismissed, it amounts in law to a nonsuit or a judgment for the defendant.     In such a case the plaintiff has a right to appeal to a jury, and, on the call of the appeal, it is error for the magistrate to dismiss the appeal on the ground that the case has been dismissed and that there was nothing to appeal from.     See *Hollis* v. *Doster*, 113 *Ga.* 115, and cases cited.

3. Where an appeal has been entered from a judgment in a justice's court, the appellant can not by certiorari review the same judgment. *Burrows* v. *White*, 69 *Ga.* 841.     *Judgment affirmed.     All the Justices concurring.*

Submitted October 12, — Decided November 8, 1901.

Certiorari.     Before Judge Fite.     Whitfield superior court. April 6, 1901.

*Starr & Erwin*, for plaintiff in error.     *George A. Coffee*, contra.