PERRY *et al. v.* BRUNSWICK AND WESTERN
RAILWAY COMPANY.

1. In reviewing a judgment of a judge of the superior court overruling a certiorari, questions which might have been made in the inferior judicatory but which are not referred to in the petition for certiorari will not be considered.
2. The act of December 20, 1899, providing that in certain cases railroad companies which have leased their property or lines of railroad may be held liable for claims against the lessee, does not contemplate that service upon the agent of the lessee will amount to service upon the lessor. · While the act imposes a liability on the lessor, such lessor should be properly served.
3. Where in such a case the sheriff makes a return of service which is traversed by the defendant (the lessor), the latter may introduce evidence to show that no service was in fact made upon it.

Argued January 22, — Decided March 30, 1904.

Certiorari.    Before Judge Spence.    Worth superior court.
July 6, 1903.

*Claude Payton,* for plaintiffs.
*D. H. Pope* and *Perry & Tipton,* for defendant.

SIMMONS, C. J.    Suit for damages was brought in the county court of Worth county, against the Brunswick & Western Railway Company.    The sheriff made a return of service, which was traversed by the defendant.    Upon the hearing of the issue thus made the court decided in favor of the defendant.    The plaintiff sued out a writ of certiorari, and on the hearing in the superior court the certiorari was overruled.    The plaintiff excepted.

1. In one of the exceptions taken to the ruling of the judge of the superior court, the plaintiff in error seeks to raise the question whether the traverse, filed in the county court by the defendant, was insufficient in that it was not signed by any one.    The record shows that, while there was no signature to the body of the traverse, the attorney at law of the defendant subscribed the affidavit thereto.    This would seem sufficient (see *Neal* v. *Fox,* 114 *Ga.* 164), but, whether it is or is not, the point is not properly before this court for determination.    The petition for certiorari did not show or even intimate that any such question was made or passed upon in the county court, or suggest that the traverse was insufficient in the matter now pointed out.    The plaintiff in error can not, by bill of exceptions, raise points which were not made in the county court or in the certiorari.    The judge of the superior

court had no authority to consider any rulings of the county court which were not assigned as error in the petition for certiorari. Civil Code, § 4650; *Fouché* v. *Morris*, 112 *Ga.* 143; *Brown* v. *Alexander*, 112 *Ga.* 247. In reviewing his decision, this court is confined to points which were properly before him.

2. From the evidence introduced in the county court it appears that the defendant, the Brunswick & Western Railway Company, had once run and operated a railroad which ran through Worth county, but had, in July, 1901, transferred its property and franchises to another company, and had since that time done no active business in the county. This transfer had never been recorded in Worth county. The present suit was filed in September, 1902, and the injuries set out in the petition were alleged to have been inflicted in April, 1902. The sheriff served the suit by leaving a copy with the agent in the railroad office at the depot in Sylvester, Georgia. The evidence showed that this agent had been employed by the defendant while it operated the railroad and prior to July, 1901, but had not been in its employment since that time, being, at the time of the service, employed by the company to which the defendant had transferred its property and franchises. It also appeared that the office at the depot, above mentioned, was not, at the time of the service, the office of the defendant but of the other company. This evidence makes it very clear that there was no service upon the defendant or its agent. Counsel for the plaintiff relied, however, upon the act of December 20, 1899 (Acts 1899, p. 54). This act provides that a railroad company which leases its property or line of railroad to another person shall have the "contract of lease or other contract of like nature, evidencing the change of control and possession," recorded in the clerk's office of the superior court in each county through which the line of road may run. It then provides that "any such railroad refusing or failing so to do will authorize any person having a right of action against said railroad, or the lessee or lessees thereof, . . to file and prosecute said action against said railroad company in all respects as if the same were the proper party defendant, and any plea or other defense attempting to shift liability to such lessee or lessees or denying control or possession of such property or line of road shall not avail to protect any such railroad against liability that fails or refuses to re-

cord as provided." It is at least doubtful if this act is applicable to the defendant in the present case; for the act deals with railroad companies which have leased their lines, while the defendant appears to have transferred to another all of its property and franchises. Conceding, however, that the act would apply in such a case, the judgment of the court below was still correct. The act does not provide that a railroad company sued under its provisions need not be served, nor does it prescribe that service on the lessee shall amount to service on the lessor. It does not deal at all with the question of service, but simply fixes liability. If, under this act, the plaintiff may recover against the defendant, it is still true under the general law, which is not changed by this act, that the defendant must be served. Even if the defendant was properly sued, it was not served. There was no service upon it or its agents, and the traverse of the sheriff's return of service was properly sustained.

3. Complaint was made of the admission of the defendant's evidence as to the transfer of its property and franchises and as to the control of the office and the employment of the agent with whom the copy of the suit was left. Objection was made to this evidence on the ground that, under the act above quoted, the defendant was estopped to show non-liability or to shift the liability to the lessee. From what has been said just above, it will be seen that this objection was properly overruled. This evidence was not introduced to show that the defendant was not liable to the plaintiff, but for the purpose of showing that there had been no service upon it. For this purpose it was clearly admissible.

*Judgment affirmed. All the Justices concur.*