## BRYANT *v.* RIDGWAY.

1. The judge of a superior court, in hearing a certiorari, is restricted to the errors alleged to have been committed on the trial below, and has no authority to consider assignments of error relating to matters occurring since the trial.

2. Where the evidence is conflicting, the discretion of the judge of the superior court in granting, upon certiorari, a first new trial, will not be controlled.

Submitted July 18,—Decided November 13, 1906.

Certiorari. Before Judge Russell. Franklin superior court. May 6, 1905.

*T. C. Dorough,* for plaintiff.

*Worley Adams* and *J. A. Neese,* for defendant.

COBB, P. J. The petition for certiorari set forth the proceedings in a trial in a justice's court, and recited that the jury had returned a verdict for the plaintiff in a named sum. This verdict was alleged to be erroneous for various reasons, among them being that it was contrary to the law and evidence. There appears in the record, following the signature of counsel to the petition, an assignment of error which alleged that one of the jurors had a fixed opinion, and therefore was not qualified, and that this fact was unknown to petitioner or his counsel prior to the rendition of the verdict. This assignment of error was not signed, and immediately preceded the exhibits to the petition. Attached to the petition was also an affidavit to the effect that the juror had told the affiant that his mind was made up and he paid no attention to the evidence, and also an affidavit of the plaintiff in certiorari and his counsel that they did not know of this fact until after verdict. The bill of exceptions recites that this was the only ground insisted on at the hearing, and that only those portions of the petition and answer relating to this ground were read to the judge. There is also a recital that the other grounds of the petition were not formally abandoned. There are also in the bill of exceptions affidavits relating to the subject of the disqualification of the juror, which appear to have been read to the judge at the hearing, but which do not appear either in the petition or the answer. The judge, in a note to the bill of exceptions, preceding his certificate, says, that he read the petition and answer at his leisure, and that the hearing was informal, and that he did not consider anything except the petition and answer in making his judgment. The judge passed the order sustaining the certiorari without specifying upon what ground the judgment was rendered.

It has been held that the judge of the superior court, in hearing a certiorari is restricted to errors alleged to have been committed

at the trial below, and can not award a new trial on evidence dis-covered since that trial. *Marchman* v. *Todd,* 15 *Ga.* 26; *Laffitte* v. *State,* 105 *Ga.* 596(3). As no objection was made to the juror at the trial, and no ruling made by the justice in reference to his al-leged disqualification, the judge had no authority to pass upon this question in hearing the certiorari. A question of this character falls within the rule above referred to. But so far as the record discloses, it does not appear that the judge sustained the certiorari solely upon this ground; and as there was an assignment of error that the verdict was contrary to the law and the evidence, and as this is the first grant of a new trial, the judgment will, under the repeated decisions of this court, be affirmed. *Casey* v. *Crane,* 122 *Ga.* 318(3).          *Judgment affirmed. All the Justices concur.*