### 2388. MITCHELL *v.* GREAT ATLANTIC & PACIFIC TEA CO.

POWELL, J. The court did not err in sustaining the certiorari and granting a new trial. *Fagan* v. *Jackson,* 1 *Ga. App.* 24 (57 S. E. 901).

2. Allegations in a party's pleadings are not ordinarily evidence in his favor. Although the suit between the plaintiff and the garnishee is described in the garnishment proceedings as being based on a judgment against the main defendant, and although the parties, in a statement of facts, agree that this is so—that is, although they agree that the plaintiff's claim was a proceeding upon a judgment, rather than a proceeding upon an open indebtedness, this does not dispense with the necessity of the plaintiff's introducing the judgment in evidence before final judgment can be lawfully entered against the garnishee; it being manifest that the agreement related to what the plaintiff claimed, and not to the truthfulness or untruthfulness of these contentions.

3. The defendant is not usually a proper party to a petition for certiorari brought by the garnishee to review a judgment against him (the garnishee) in favor of the plaintiff, and the joinder of the defendant in the application for certiorari is to be regarded as mere surplusage. While, in such a case, perhaps it is technically irregular for the judge, upon the hearing of the certiorari, to cause the petition to be amended by striking the name of the defendant as a party (as petitions for certiorari are not amendable), yet it is a matter in no wise affecting the merits of the case.

4. Under *Toole* v. *Edmondson,* 104 *Ga.* 776, 783 (31 S. E. 25), certiorari lay from the judgment of the magistrate, the evidence being undisputed.

      *Judgment affirmed.*

Certiorari; from Fulton superior court—Judge Pendleton. November 11, 1909.

Submitted March 23,—Decided April 6, 1910.

Rehearing denied July 5, 1910.

*Emile Breitenbucher,* for plaintiff.

*Alexander W. Stephens,* contra.