### 2528.   HOLMAN *v.* BROWN.

POWELL, J.   1. The evidence authorized the verdict.

2. "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." Civil Code of 1895, § 3906.   The unlawful breaking of one's house, the scattering of household goods, and the leaving of the doors unlocked, constitute such a tort as carries aggravation "in the act," and, therefore, authorize the assessment of damages additional to the actual property loss, irrespective of the intent with which the tort is committed.   *Judgment affirmed.*

DECIDED JANUARY 24, 1911.

Trespass; from city court of Savannah—Judge Freeman.   February 21, 1910.

*W. H. Boyd,* for plaintiff in error.   *Twiggs & Gazan,* contra.

---

### 2540.   KELLY *v.* YOUNG.

POWELL, J.   1. The fact that an attorney or party interested in the case wrote the answer of the magistrate to a writ of certiorari affords ground for an exception to the answer, but not for a motion to dismiss the certiorari.

2. Irrespective of the merits of the case otherwise, there was no error in sustaining the certiorari, since it was disclosed by the record that the magistrate had rendered judgment in a garnishment case condemning the funds in the hands of the garnishee, without having any evidence that judgment had been rendered against the main defendant.   *Mitchell v. Great Atlantic etc. Tea Co.,* 7 *Ga. App.* 824 (68 S. E. 343), and cases there cited.                     *Judgment affirmed.*

DECIDED JANUARY 24, 1911.

Certiorari; from Richmond superior court—Judge Hammond. February 12, 1910.

*William H. Fleming, Joseph S. Watkins,* for plaintiff.

*Garlington & Cozart,* for defendant.