9460.   CONTINENTAL AID ASSOCIATION *v.* HAND.

1. Assignments of error on a judgment overruling a certiorari can not add other grounds of certiorari to those of the petition for certiorari.

2. Whether there was such bad faith as would authorize the recovery of attorney's fees ·on account of refusal to pay the amount claimed under the contract of insurance sued on, as provided. for in the Civil Code (1910), § 2549, was, under the facts of this case, a question for the jury. .That they awarded such fees without also awarding damages of twenty-five per cent., or less, as provided for in that section of the code, is no ground for setting aside their finding as to the attorney's fees.

3. The evidence was sufficient to support the verdict.

DECIDED OCTOBER 22, 1918.

Certiorari; from Floyd superior court—Judge Wright. October 18, 1917.

*J. L. Wallace,* for plaintiff in error.   *L. H. Covington,* contra.

HARWELL, J.   Charlie Hand brought suit in a justice's court against the Continental Aid Association upon a contract of insurance for accident benefits.   A verdict was rendered in favor of the plaintiff, for $35 principal, $2.50 interest, $10 attorney's fees, and costs of suit.   The insurance company sued out a writ of certiorari, and the judge of the superior court overruled the certiorari.   The bill of exceptions assigns error on the judgment overruling the certiorari, upon seven grounds, some of which are ·materially different from the assignments of error in the petition for certiorari.   In determining whether the judge erred in his judgment overruling the certiorari this court can only consider the assignments of error made in the petition for certiorari.   "The plaintiff in error cannot by bill of exceptions raise points which were not made in . . the certiorari."   *Perry* v. *Brunswick & Western Ry. Co.* 119 *Ga.* 819 (47 S. E. 172); *Duren* v. *Thomasville,* 125 *Ga.* 1 (3) (53 S. E. 814); *Bryant* v. *Ridgeway,* 126 *Ga.* 733 (55 S. E. 932); *Fine* v. *Southern Express Co.,* 10 *Ga. App.* 161, 165 (73 S. E. 35).   The assignments in the petition for certiorari were: (1) That the court erred in overruling the demurrer filed by the defendant.   (2) That the court erred in denying the motion to strike the amendment to plaintiff's petition.   (3) That the verdict and judgment are contrary to law.   (4) That the verdict and judgment are contrary to the evidence.and against the principles of justice and equity. (5) That the verdict and judgment are excessive and contrary to the evidence, and that a recovery could only be for the sum of

$12.50 on the same. (6) That the plaintiff could not recover attorney's fees, for the plaintiff failed to show bad faith on the part of the petitioner.

The first two assignments were not argued in the brief of counsel for the plaintiff in error, and therefore will be treated as abandoned. The third assignment—that the verdict is contrary to law —is not a specific assignment of error and cannot be considered. *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (64 S. E. 1105). The fifth assignment—that the verdict is excessive, etc.—amounts to no more than an amplification of the general ground that the verdict is contrary to the evidence, as it does not point out wherein or for what reason the verdict is excessive. "Assignments of error must be specific, whether contained in a bill of exceptions or in a petition for certiorari." *Callaway* v. *Atlanta,* supra, and cases cited. This leaves for consideration the general ground that the verdict is contrary to the evidence, and the further ground that the plaintiff could not recover attorney's fees. As to the first (without entering into a discussion of the evidence), while there was a conflict in the testimony, the jury trying the case found in favor of the plaintiff, and we think there was evidence sufficient to sustain the verdict.

As to the recovery of attorney's fees: It appears from the record that the plaintiff had brought a suit against this company for accident benefits on this same policy, growing out of the same injury, and had obtained a verdict and judgment, which the insurance company sought to review by certiorari, and by writ of error then pending in the Court of Appeals. That case was finally decided against the insurance company (19 *Ga. App.* 658, 91 S. E. 1056). Attorney's fees may be recovered against an insurance company, under the provisions of the Civil Code (1910), § 2549, provided it be made to appear to the jury trying the case that the company's refusal to pay the loss on a policy was in bad faith. Whether the refusal to pay in the instant case was in bad faith was a question for the jury, and we think the evidence was sufficient to authorize their finding, awarding to the plaintiff $15 as attorney's fees. That the jury did not also award the 25 per cent. damages allowed by this section would not prevent the recovery of attorney's fees. There is nothing in section 2549, supra, or in the case of *Empire Life Ins. Co.* v. *Allen,* 141 *Ga.* 413 (4), 418 (81 S. E. 120), cited

by plaintiff in error, that prevents the recovery of one without the other. The evidence authorized the verdict, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*