*McElreath & Scott,* for plaintiff.

*G. Seals Aiken* and *Cecil R. Hall,* for defendant.

---

LEONTAS *v.* MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.

HINES, J. 1. Where the constitutionality of a municipal ordinance, under which the defendant was tried and convicted in the recorder's court of the City of Savannah, was not raised by a distinct assignment of error in a certiorari brought by the defendant in the superior court, to review the judgment of his conviction in the recorder's court, the judge of the superior court had no authority to pass upon the constitutionality of such ordinance. *Milam* v. *Sproull,* 36 *Ga.* 393 (3), 397; *Scroggins* v. *State,* 55 *Ga.* 380 (5); *Fouché* v. *Morris,* 112 *Ga.* 143 (37 S. E. 182); *Brown* v. *Alexander,* 112 *Ga.* 247 (37 S. E. 368); *Carter* v. *Garrett,* 113 *Ga.* 1058 (39 S. E. 462); *Perry* v. *B. & W. Ry. Co.,* 119 *Ga.* 819 (47 S. E. 172); *Continental Aid Association* v. *Hand,* 22 *Ga. App.* 726 (97 S. E. 206).

2. Where a municipal ordinance of the City of Savannah authorizes its health officer to adopt and publish such regulations as he may deem

Constitutional Law, 12 C. J. p. 784, n. 51.
Criminal Law, 17 C. J. p. 53, n. 85.
Food, 26 C. J. p. 762, n. 74; p. 779, n. 83.

proper and necessary to insure all milk and cream intended for consumption in that city to be suitable for consumption as human food, and to prohibit, within the corporate limits of that city, the sale of milk or cream contrary to such regulations; and where such ordinance further empowers said officer, if upon inspection he finds the conditions to be such as, in his opinion, render said milk or cream unsuitable or unsafe for human food and warrant the exclusion of said milk or cream from sale in the city, to absolutely prohibit the sale thereof in the city until such time as the reason for the exclusion of the same shall, in his opinion, have ceased, a provision in said ordinance, that "The action of the health officer hereunder [to] be subject to the approval of the sanitary board," refers to regulations which the ordinance authorizes the health officer to make, and not to the power conferred upon such officer to exclude from sale milk and cream which he finds upon inspection to be unsuitable or unsafe for human food. This power is conferred directly by the mayor and council of the city upon this officer by this ordinance, and the same does not require the approval of the sanitary board before it can be exercised by the health officer.

3. The defendant was charged, not with the violation of any regulation made by the health officer under said ordinance, but with the sale of milk which had been prohibited by said officer, under conditions which he found, upon inspection, to render the same unsuitable or unsafe for human food, such prohibition to continue until such time as the reason for its exclusion, in the opinion of such officer, had ceased; and there is in the record evidence which authorized the recorder to find the defendant guilty of a violation of this portion of said ordinance, and which justified the judge of the superior court in overruling the certiorari.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 5689.  MAY 5, 1927.

Certiorari. Before Judge Meldrim. Chatham superior court. September 11, 1926.

*Lawrence & Abrahams* and *Robert L. Colding,* for plaintiff in error.

*John J. Bouhan* and *E. Ormonde Hunter,* contra.