DELINSKI *v.* DUNN *et al.*

724

No. 17306. MARCH 12, 1951. REHEARING DENIED MARCH 26, 1951.

726

*Randall Evans Jr.,* and *Alex Boone,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* and *Durwood T. Pye,* contra.

HEAD, Justice. ■ .In the motion to dismiss the certiorari, it is contended that at the time the certiorari was sanctioned H. T. Brice was not a member of the State Board of Corrections, and not a proper party plaintiff; that "said action constitutes an improper joinder and misjoinder of parties plaintiff, and subjects the said proceeding to dismissal." The inclusion of the name of H. T. Brice as a member of the State Board of Corrections would not subject the entire proceeding to dismissal. The original petition for habeas corpus named H. T. Brice as a member of the State Board of Corrections. The fact that his term of office expired between the dates of the filing of the petition for habeas corpus and the sanction of the petition for certiorari would not substantially affect the merits of the case. The inclusion of his name in the petition for certiorari should be regarded as mere surplusage. *Mitchell* v. *Great Atlantic & Pacific Tea Co.,* 7 *Ga. App.* 824 (3) (68 S. E. 343).

It is further asserted that the parties plaintiff "and their proper representative capacities are not described and named." The petition was brought in the name of members of the State Board of Corrections, described as such, and Roland Lawrence, "as Warden for the State of Georgia." The designation of Roland Lawrence as "Warden for the State of Georgia" is an improper designation of his official capacity. Since the courts are bound to take judicial notice of the public officers of this State, the improper designation of an official could not adversely affect any substantial right of the plaintiff in error.

It is further contended that the certiorari proceedings failed to show affirmatively service upon the ordinary. Attached and made a part of the record is a proper notice by the clerk of the superior court to the ordinary of the sanction of the certiorari

and an acknowledgement of service by the ordinary. This contention, therefore, is without merit.

The plaintiff in error insists that the certiorari proceedings should be dismissed because no proper notice was given to the defendant in certiorari, or his counsel. The record shows a copy of a notice served by the Sheriff of McDuffie County upon counsel for the plaintiff in error, which notice was in substantial accord with the requirements of the Code, § 19-212. If the sheriff did not, in fact, serve the notice as set forth in his affidavit, and counsel desired to take advantage of such failure, his proper recourse would have been by 'traverse to the sheriff's return. *American Bonding & Surety Co.* v. *Adams,* 124 *Ga.* 510 (52 S. E. 622). In *Milam* v. *Sproull,* 36 *Ga.* 393, 396, this court dealt with the sufficiency of the notice of the sanction of a writ of certiorari, and it was there held: "The object of giving notice to a party of the sanction of a writ is to inform him of the fact, so that he may take such steps as he may deem proper for his protection in the premises. If the party be in fact notified in writing, though not formally, and appear at the time and place of hearing the certiorari, the writ should not be dismissed."

The answer of the ordinary to the petition for certiorari is not subject to the contention that it is insufficient.

Headnotes 2, 3, and 4 do not require elaboration.

*Judgment reversed, with direction. All the Justices concur, except Duckworth, C.J., Candler, and Hawkins, JJ., who dissent.*

DUCKWORTH, Chief Justice, CANDLER and HAWKINS, Justices, dissenting. It appearing from the record in this case that the plaintiff in the habeas corpus proceeding received sentences on September 13, 1933, aggregating 21 years minimum and 28 years maximum, and that the greatest amount of statutory good time which could possibly have been granted to him under Code (Ann.), §§ 77-210 and 77-341, now Code (Ann. Supp.), § 77-380, was 4 years, 5 months, and 6 days—deducting this good time from the minimum sentences of 21 years, would leave 16 years, 6 months, and 24 days. The plaintiff having served only 15 years, 11 months, and 18 days up to the time of his release by the ordinary on August 18, 1949, his minimum sentences had not been served, and had not expired. On a habeas corpus petition, brought by a prisoner who contends that his sentences

have expired or have been served, he is not entitled to bring in question "extra good time" claimed to have been earned by him under the rules of the State Board of Corrections, in the absence of a showing by the records of the prison authorities that such "extra good time" has been granted to the petitioner. *Chattahoochee Brick Co.* v. *Goings*, 135 *Ga.* 529 (69 S. E. 865); *McConnell* v. *Floyd County*, 164 *Ga.* 177 (2) (137 S. E. 919). The superior court did not err in sustaining the certiorari, complaining of the judgment of the ordinary releasing the petitioner, and in ordering that he be remanded to the custody of the proper prison authorities. Its judgment should, therefore, be affirmed.