22340.   BALKCOM, Warden v. SELLERS.

SUBMITTED JANUARY 14, 1964—DECIDED FEBRUARY 7, 1964.

*Eugene Cook, Attorney General, Howard P. Wallace, William L. Grayson, Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error. *Sam Johnson,* contra.

MOBLEY, Justice. ■ The question presented is whether the prisoner has completed serving his sentences. *Code Ann.* § 77-515 provides in part that a "parolee shall remain in the legal custody of the Board until the expiration of the maximum term specified . . . or until he is pardoned by the Board." *Code Ann.* § 77-517 provides that "a violation of the terms of parole may render the parolee liable to arrest and a return to prison to serve out the term for which he was sentenced." These statutes give the Parole Board control over the prisoner until the expiration of his maximum term and the power to revoke a parole and remand a parolee into custody to serve the maximum of his sentence. See also *Crider v. Balkcom,* 204 Ga. 480 (50 SE2d 321).

Thus the Pardon and Parole Board was authorized to revoke petitioner's parole as was last done on May 5, 1963, and to remand him to the penitentiary to serve the remainder of his maximum sentence.

■ The prisoner's maximum sentence under the two 5-10 year sentences was 10 years. The question arises as to whether the 1-3 year sentence was to run concurrently or consecutively with the 5-10 year sentences. The prisoner testified that the judge in sentencing him did not say whether it was to run concurrently or consecutively. A copy of the sentence is not in the record. In the absence of proof that the sentence entered provided that it was to run concurrently with the 5-10 year sentences, it runs consecutively by reason of *Code Ann.* § 27-2510 (b) which provides: "Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served consecutively, the one after the other, unless otherwise expressly provided therein."

■ The remaining and decisive question is whether the prisoner has completed service of his sentences, the maximum 10 year sentences and the 1-3 year sentence. The record of the Board of Corrections offered in evidence by the warden shows that the prisoner is presently serving the maximum portion of two 5-10 year concurrent sentences after which he must serve a 1-3 year sentence imposed in Liberty County, and he would be released on June 12, 1965, with all statutory and extra statutory good time allowances.

Petitioner has actually served 6 calendar years, but he claims that with statutory good time and extra statutory good time he has accumulated enough credited time to satisfy his 10 year maximum sentences. The statutory time off for good behavior afforded those convicted of felonies is 2 months for the second year of the sentence and 3 months for each remaining year through the 10th, inclusive. *Code Ann.* § 77-320 (b) (2). Assuming, but not deciding, that he is entitled to statutory good time by reason of good behavior, he will have accumulated only 14 months, which added to the 6 years actually served would credit him with 7 years and 2 months, which is far short of his 10 year maximum. However, he claims that he has enough statutory extra good time to complete the 10 year sentences. There is no Georgia statute giving a prisoner a specified amount of extra good time as a matter of right. *Code Ann.* § 77-320 (a) provides: "The State Board of Corrections shall formulate rules and regulations providing for extra good. time allowances in addition to the statutory good time . . . to be awarded to deserving and exemplary prisoners." From this Code section it is clear that the petitioner is only entitled to this extra good time if he were a "deserving and exemplary" prisoner, and only then in accordance with the rules and regulations of the Board of Corrections.

"The only way in which the applicant can show that he is entitled to good time or extra good time is by the records which the prison authorities are required to keep." *Delinski v. Dunn,* 209 Ga. 402 (2) (73 SE2d 171). See also *Delinski v. Dunn,* 207 Ga. 723, 730 (64 SE2d 44); *Chattahoochee Brick Co. v. Goings,* 135 Ga. 529 (69 SE 865); *McConnell v. Floyd County,* 164 Ga. 177 (2) (137 SE 919). Having failed to produce the records of the Board of Corrections showing how much good time, if any, he was entitled to, there was no competent evidence in the record that he was entitled to any good time.

Accordingly, there was no evidence to support a finding that the prisoner had completed service of his sentences, and the trial court erred in granting the writ and releasing him.

*Judgment reversed. All the Justices concur.*