### 3864. NANCE *v.* PATTERSON *et al.*

Where a petition in due form was filed in a court having jurisdiction of the parties and of the subject-matter, but, by clerical omission, the petition was not addressed to any court, and the clerk of the court in which the petition was filed attached process thereto, and the same was duly served on the named defendant, and he appeared and made a motion to dismiss the petition, because not addressed to the court in which it was filed, and because the clerk was not authorized to attach the process, the petition was amendable by inserting therein the court in which it was filed and to which it was intended to be addressed.

DECIDED APRIL 2, 1912.

Complaint; from city court of Blakely—C. L. Glessner, judge pro hac vice. November 22, 1911.

*Hawes, Pottle & Wright,* for plaintiff.

HILL, C. J. The plaintiff sued upon an open account, and prayed process requiring the defendants to appear at the next term of the court, to answer the complaint. The petition was in due form, and was headed "Georgia, Early county," but was not directed to any court. The clerk of the city court of Blakely attached to the petition a process directed to the defendants, which was personally served on each of them, requiring them to be and appear at the city court of Blakely on the third Monday in October (the return day of the city court for the suit), to answer the plaintiff's demand. The defendants filed a motion to dismiss the suit, (1) because the petition was not directed to any court, and (2) because the clerk of the city court of Blakely was without any authority of law to attach to the petition the process requiring the defendants to be and appear at the city court of Blakely on the third Monday in October, and the city court of Blakely was

therefore without jurisdiction to try the case. Subject to the motion to dismiss, the defendants appeared and filed an answer at the appearance term. The plaintiff moved to amend the petition by alleging as follows: "Plaintiff brought said petition to the city court of Blakely and handed the same to the clerk of the court for filing therein. Said petition was filed in said court and process issued directing the defendants to answer said petition to the city court of Blakely, and an answer was accordingly filed by defendant in said court. Plaintiff, by leave of the court, amends his petition by addressing the same as follows: 'To the city court of Blakely.'" The presiding judge refused to allow the amendment, and the plaintiff excepted.

We hold that the court erred in refusing to allow the amendment. The omission to address the petition to the court in which it was filed was manifestly a clerical error. The clerk was authorized to attach a process to the petition, addressed to the named defendants therein. *Judgment reversed. Pottle, J., disqualified.*