### 8540. OCILLA SOUTHERN RAILROAD CO. *v.* McALLISTER.

1. A petition not addressed to a court, but headed with the name of the State and of a county therein, and otherwise in the form of a suit, and filed in the office of the clerk of the superior court of that county, and to which was annexed process signed by the clerk and bearing teste in the name of the judge of that court, requiring the appearance of the defendant at the return term of the court, could be amended by addressing it to that court.

2. Under the code-section requiring that suits against railroad companies for damages on account of injury to the person or property of the plaintiff shall be brought in the county in which the cause of action originated, and declaring that "any judgment rendered in any other county than the one in which the cause so originated shall be utterly void" (Civil Code of 1910, § 2798), it must appear from the petition in such a suit that the cause of action originated in the county of the suit. As this essential jurisdictional fact did not appear from the petition in this case, the court erred in overruling the general demurrer to the petition.

3. Necessary jurisdictional allegations omitted from a petition may be supplied by amendment; and in this case the judgment overruling the demurrer to the petition is reversed with leave to make such amendment by the time the remittitur from this court is made the judgment of the court below.

DECIDED JUNE 27, 1917.

Action for damages; from Wilcox superior court—Judge Crum. February 23, 1917.

The demurrer was on the grounds: (1) The petition sets forth no cause of action. (2) Taking the allegations of fact contained in said petition as true, no valid judgment could be rendered in this court against this defendant. (3-4) The petition is not addressed to any court, and no process returnable to this court is prayed for.

*Wall & Grantham, Quincey & Rice,* for plaintiff in error.

*Warren Grice, Hal Lawson,* contra.

WADE, C. J. 1. The plaintiff's petition was headed, "State of Georgia, County of Wilcox," and was filed in the office of the clerk of the superior court of that county, but was not addressed to the superior court or any court. It prayed for process requiring the defendant to appear at the next term of "this court." Attached to it was a process with the caption, "State of Georgia, Wilcox County," bearing teste in the name of the judge of the superior court of Wilcox county and signed by the clerk of that court, requiring the defendant to be and appear "at the next superior court to be held in and for said county on the third Monday in June next." The petition was amendable by addressing it to the superior court of Wilcox county, and the trial court properly allowed such amendment. *Parish* v. *Davis,* 126 *Ga.* 840 (55 S. E. 1032) ; *Georgia Southern & Florida Railway Co.* v. *Pritchard,* 123 *Ga.* 320 (51 S. E. 424) ; *Atlantic Coast Line R. Co.* v. *Cook,* 6 *Ga. App.* 128 (64 S. E. 665) ; *Nance* v. *Patterson,* 10 *Ga. App.* 843 (74 S. E. 438) ; *Kelly* v. *Fudge,* 2 *Ga. App.* 759 (59 S. E. 19) ; Civil Code, §§ 5682, 5691.

2. Special defects or omissions in the plaintiff's petition may always be taken advantage of by demurrer; and unless cured by amendment, the petition should be dismissed. Park's Ann. Code, § 5631. All necessary jurisdictional facts must be clearly and distinctly set out in the petition, and their absence may be taken advantage of by demurrer. *White* v. *'Atlanta, Birmingham & Atlantic R. Co.,* 5 *Ga. App.* 308 (63 S. E. 234) ; *Flint River & Northeastern R. Co.* v. *Sanders,* 18 *Ga. App.* 766 (90 S. E. 655). In the present case it does not appear from the petition that the alleged injuries were inflicted in the county in which the suit was brought. A suit against a railroad company for personal injuries, which does not allege that they were inflicted in the county of the suit, fails to show that the court to which the petition is addressed has jurisdiction to try the case. Section 2798 of the Civil Code of 1910 provides that the company "shall be sued in the county in which the cause of action originated; . . and any judgment rendered in any other county than the one in which the cause so originated shall be utterly void." "A suit brought elsewhere than is there provided is void." *Central of Georgia Ry. Co.* v. *Dowe,*

6 *Ga. App.* 858 (65 S. E. 1100). See also *Southern Ry. Co.* v. *Summers,* 118 *Ga.* 175 (45 S. E. 27). The general demurrer in this case, therefore, should have been sustained. *Flint River & Northeastern R. Co.* v. *Sanders,* supra, and cases there cited.

3. The omission to state in the petition all facts necessary to give the court jurisdiction of the case is amendable. Park's Ann. Code, § 5691. In view of the ruling stated above, the judgment of the trial court, overruling the demurrer to the petition, is reversed, but with leave for the plaintiff so to amend the petition, by the time the remittitur from this court is made the judgment of the court below, that it shall appear therefrom that the injuries sued for were inflicted in Wilcox county.

*Judgment reversed, with direction. George and Luke, JJ., concur.*