### 9407.   GAMBLE *v.* SHINGLER *et al.*

1. The incorrect heading of the petition was evidently an oversight, and was amendable.
2. The property was sufficiently identified, and the first ground of the demurrer, as to the insufficiency of the description, was properly overruled.
3. There is no merit in the ground of the demurrer that the suit was prematurely filed. (HARWELL, J., dissents.)
4. In the absence of a formal assignment in writing, and there being no evidence of any clerical mistake in the naming of the payee, the court erred in admitting in evidence, over timely objection, the retention-of-title note involved in this case.
5. This suit in trover having been brought by the vendor against a third person, and not the original vendee, and there being no proof of the value of the property sued for, the court erred in directing a money verdict.

DECIDED SEPTEMBER 28, 1918.

Trover; from city court of Albany—Judge Clayton Jones. December 1, 1917.

*Benton Odom, Peacock & Gardner,* for plaintiff in error.

*Milner & Farkas,* contra.

HARWELL, J.   1.  The petition was improperly headed, "Georgia, Terrell County," and addressed to the city court of Dawson.   The plaintiff offered an amendment, which the court allowed over the objection of the defendant, changing the heading to "Georgia, Dougherty County," and addressing the suit to the city court of Albany.   The petition alleged that the defendant was a resident of Dougherty county, Georgia, it was filed in the city court of Albany, the affidavit for bail, attached to the petition, is headed, "Georgia, Dougherty County," and recites that suit is about to be entered in the "city court of Albany;" the process was issued from the city court of Albany, and requires the defendant to appear at that court, and was served by the sheriff of Dougherty county; all the proceedings in the case being in the city court of Albany, Dougherty county, Georgia.   The incorrect heading was evidently an oversight, and was amendable, and the court did not err in allowing the amendment or in overruling the oral motion to dismiss the petition on this ground.   The Supreme Court in the case of *Wingate* v. *Gornto,* 147 *Ga.* 192 (93 S. E. 207), said: "The petition was addressed to the wrong court—to a court without jurisdiction of the subject-matter; but it was never filed in that court, nor did it ever become a proceeding of the court of ordinary.   The petition was handed to the judge of the city court

[the proper court] for action; he treated it as a proceeding in the city court, and passed an order requiring service of the petition and an appearance of the minor before him. *The misdirection of the address of the court was an amendable defect* which is cured by the judgment." In this case, as in that case, the petition was addressed to the wrong court, but all the proceedings were in the proper court, and "the misdirection of the address of the court was an amendable defect." Civil Code, §§ 5682, 5691; *Nance* v. *Patterson,* 10 *Ga. App.* 843 (74 S. E. 438); *Parish* v. *Davis,* 126 *Ga.* 840 (55 S. E. 1032); *Ocilla So. R. Co.* v. *McAllister,* 20 *Ga. App.* 400 (93 S. E. 26); *Morgan* v. *Goldstein,* 20 *Ga. App.* 115 (92 S. E. 777).

2. The first ground of the demurrer was as to the insufficiency of the description of the property for which the bail-trover suit was brought. The description was "One Chevrolet five-passenger touring car, 1917 Model." This description was too indefinite (*McElhannon* v. *Farmers &c. Co.,* 95 *Ga.* 670, 22 S. E. 686; *Collins* v. *West,* 5 *Ga. App.* 429, 63 S. E. 540); and the ground of demurrer is well taken, unless the property is otherwise identified in the declaration. We think it is sufficiently identified by the further allegation that "said property is the property of your petitioners by virtue of a conditional-sale note, wherein plaintiffs retain title. A copy of said note is hereto attached, marked exhibit 'A,' and is hereby made a part of this petition." The note is attached, and in addition to the above description, gives the motor number "71416." This ground of the demurrer was therefore properly overruled.

3. The second ground of the demurrer is that the suit is "prematurely filed, it affirmatively appearing that title is retained to said property by reason of a contract attached to the petition, the title being retained in said contract for the balance of the purchase money due on said property, and that the amount is not due and payable until the first day of September, 1917." The note retaining title, attached to the petition, is due September 1, 1917. Suit was filed August 20, and service made August 23, 1917. The petition is in the short form, simply alleging possession in the defendant and refusal to deliver.

A majority of the court is of the opinion that since the suit is not against the original purchaser but against a third party, and

since the petition alleges possession of the property sued for in the
defendant, an inference arises that the defendant is holding the
property for himself and not for the original purchaser; that the
petition might be subject to a special demurrer calling upon the
petitioners to show how the defendant came into possession of the
property, but that it was not subject to the demurrer interposed,
which failed to "put its finger on the very point." The writer
dissents from this opinion of the majority. It is insisted by coun-
sel for the defendants in error that there was an unconditional
sale of the property by Fisk, the maker of the note, to Gamble,
the defendant, and therefore that trover could be brought before
the note was due; citing *Sims* v. *James,* 62 *Ga.* 260. But the re-
ply to this is that there is no allegation to this effect in the peti-
tion. The demurrer attacks the sufficiency of the petition, and it
must be tested by the allegations thereof, and not by what the
evidence may show. I do not think the allegations of possession
and refusal to deliver are sufficient to show a conversion, where
the petition further shows, as this does, that a suit was filed before
the note given for the purchase of the car was due. In the opinion
of the writer this ground of the demurrer was well taken and
should have been sustained. However, a majority of the court
think otherwise.

. 4. This suit is one in trover for an automobile, brought by J. S.
Shingler Jr. and J. R. Brown, doing business under the firm name
of Shingler Auto Company, against Dave Gamble. The plaintiffs'
claim of title, as set up in the petition, is based on a purchase-
money note retaining title to the automobile, given by W. R. Fisk
and Jesse Fisk to the Shingler Auto Company, a copy of the note
being attached to the petition. The plaintiffs offered in evidence
a note signed by W. R. Fisk and Jesse Fish, payable to "*Shingler
& McKenzie Hardware Co., a corporation under Georgia laws.*"
The note otherwise was substantially the same as that attached to
the petition. The court, over the objection of the defendant, ad-
mitted the note in evidence. This we think was error. There was
no evidence of any transfer or assignment in writing of the note
from the "Shingler & McKenzie Hardware Co., a corporation," to
the Shingler Auto Company, and no evidence that it was, by a
clerical mistake, inadvertently made to the Hardware Company.
The only evidence on this point is testimony simply that "the

Shingler Auto Company owns this note." It is not shown how it became the owner. Mere delivery of the note would not pass title to the automobile from the Shingler & McKenzie Hardware Co., a corporation, to the Shingler Auto Company. This court has held that "even if the mere delivery of the note was sufficient (because the note was payable to the bearer) to transfer the evidence of the indebtedness, delivery alone was not sufficient to effect an assignment of the special chose in action involved in the reservation of title. . . It was necessary, to the existence and validity of the assignment of the right to assert title, that the assignment be in writing." *Swann Davis Co.* v. *Stanton,* 7 *Ga. App.* 668, 671, 672 (67 S. E. 888), and cases there cited. See, in this connection, Park's Ann. Code, §§ 3345, 3346, 4276; *Burch* v. *Pedigo,* 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808) ; *Mills* v. *Pope,* 20 *Ga. App.* 820 (93 S. E. 559).

5. The plaintiffs offered no evidence of the value of the property. This action was between the original seller and a third person, not the original vendee. The verdict was a money verdict. "To authorize a money verdict in a trover suit there must be some evidence to show the value of the personal property converted by the defendant." *Oglesby* v. *Hanson,* 7 *Ga. App.* 318 (66 S. E. 802). "As between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie, but not conclusive, evidence of the actual value of the property. But as between the seller and third persons the amount stated in the contract of purchase is of no such evidentiary value." *Elder* v. *Woodruff Hardware Co.,* 9 *Ga. App.* 484, 486 (71 S. E. 806). See also *Young* v. *Durham,* 15 *Ga. App.* 678 (84 S. E. 165) ; *Wilson* v. *Owen,* 19 *Ga. App.* 159, 160 (91 S. E. 233). The court therefore erred in directing a money verdict for the plaintiff.

Since there is to be another trial, it is not necessary to pass upon the special ground of the motion, that there was no evidence to identify the property described as being in the possession of the defendant. Neither is it necessary to pass upon the alleged error in the admission of testimony as set out in the 4th special ground of the motion, as, if erroneous, it will not likely occur on the next trial. See, in this connection, *Swann Davis Co.* v. *Stanton,* supra.

*Judgment reversed. Broyles, P. J., and Bloodworth, JJ., concur.*