### 21344.   WALTON *v.* SMITH.

DECIDED MAY 12, 1931.

*A. L. Henson,* for plaintiff in error.

LUKE, J.   Clyde Smith sued E. G. Walton for a sum alleged to be due on a contract. The defendant filed an answer and a plea of set-off and counter-claim, in which he prayed judgment against the plaintiff. The trial of the issues involved resulted in a verdict for the plaintiff in the full amount sued for—$174.49. Defendant's motion for a new trial was overruled and exceptions were taken.

Three of the assignments of error are based upon alleged errors in portions of the court's charge to the jury, and a fourth upon the alleged erroneous admission of certain evidence. As to the first of these assignments it sems to be evident that, due to a lapsus linguæ, the trial judge, in one portion of his charge, used the term "plaintiff" instead of "defendant," and vice versa. Such an inadvertence is not uncommon, and in the present instance, when considered in connection with the preceding language of the charge, ought not to, and doubtless did not, confuse the jury, and was not harmful and prejudicial, and did not preclude any finding in favor of the defendant, as alleged in the exception. Justice would not be promoted, but, on the contrary, might well be defeated, if the court were to set aside the verdict upon any ground of such a technical nature as that occurring here. We hold that the exception is without merit.

As to the second assignment of error, we do not think the jury could have been misled as to the meaning intended, when the instruction complained of is read with other portions of the charge of the court. In stating to the jury, "If you find for the plaintiff, the form of your verdict would be, 'We, the jury, find for the plaintiff the amount sued for,'" the court correctly submitted to the jury one of the several forms of verdicts that might properly have been rendered under the evidence adduced. This exception is not well taken.

As to the third of the assignments of error we hold that the charge did not amount to an expression of opinion, as averred. In other respects this ground is too incomplete for the consideration of this court.

As to the fourth assignment, which criticises the ruling of the trial judge in permitting the plaintiff to testify, over defendant's objection, that he offered to take back the lumber when objection was raised to its quality, we do not think any of the grounds of error alleged are meritorious. The evidence was pertinent to the inquiry, especially to the right of the defendant to accept and dispose of the lumber notwithstanding an objection on his part to the quality. Nor do we think this evidence was harmful and prejudicial as averred, in the sense that it was at all improperly admitted in the circumstances of the case. Nor was it an attempt to prove an offer of compromise, as is contended. It was an offer of cancella-

tion of the agreement between the parties; not an offer of compromise. It did not involve a matter of mere concession, but contemplated complete rescission of the contract. And whatever may have been the so-called "ancient custom" of the trade in that connection, the offer to take back the lumber at least indicated that the plaintiff was unwilling to leave to the defendant, or the final purchaser, the right to determine his legal rights in the premises.

In view of the foregoing considerations, we hold that the verdict and judgment were fully warranted by the evidence, and that no reversible error was committed by the trial court so far as appears from the record.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*