23080, 23151. HILL *v.* GEORGE, marshal, for use, etc.; and *vice versa.*

SUTTON, J. 1. Original court documents and records from the municipal court of Atlanta, Fulton section, may be introduced in evidence in the municipal court of Atlanta, DeKalb section, without an exemplification thereof. The municipal court of Atlanta is one court, created by the same act of the legislature, with two sections, one section for that part of the city of Atlanta within Fulton county, and the other section for that part of said city within DeKalb county. Acts 1913, p. 145, § 1. This being so, it was not error for the judge of the municipal court of Atlanta, DeKalb section, in a suit on a forthcoming bond in that court, to admit in evidence, over objection of the defendant, the judgment in

the claim case, the advertisement with entries thereon, the forthcoming bond, and the fi. fa., all being original papers.

2. This was a suit on a forthcoming bond, against the surety, who resided within the jurisdiction of the DeKalb section of the municipal court of Atlanta. The wife of the defendant in fi. fa. filed her claim to certain property levied on in the possession of her husband as his property, these proceedings being in the Fulton section of said court, and executed a forthcoming bond, under the provisions of section 5160 of the Civil Code, with the defendant in the instant case as her security. She did not prevail in her claim. The property was not forthcoming on the day of the sale, and the marshal of the municipal court of Atlanta, Fulton section, for the use of the plaintiff in fi. fa. brought suit against the surety in the DeKalb section of said court. He addressed his petition to the municipal court of Atlanta, Fulton section, and the defendant filed his plea to the jurisdiction. The plaintiff amended his petition, striking the words "Fulton section" therefrom and inserting the words "DeKalb section," in lieu thereof. The defendant objected to the allowance of this amendment and the court overruled the objection, allowed the amendment, and denied the plea to the jurisdiction. This action on the part of the court was not error.. *Gamble* v. *Shingler*, 22 *Ga. App.* 608 (96 S. E. 705).

3. In reviewing the judgment of the judge of the superior court overruling a certiorari, questions which might have been raised but which are not referred to in the petition for certiorari, and are only raised for the first time in this court by counsel for the plaintiff in error in his brief, will not be considered by this court. *Perry* v. *Brunswick &c. Ry. Co.*, 119 *Ga.* 819 (47 S. E. 172) ; *Leontas* v. *Savannah*, 164 *Ga.* 278.

4. An assignment of error in a petition for certiorari, complaining that the charge of the court was confusing, unintelligible, and incomplete as to the issues involved, will not be considered by this court, where the assignment of error fails to point out wherein it was confusing, unintelligible, and incomplete as to the issues involved. *Wade* v. *Eason*, 31 *Ga. App.* 256 (120 S. E. 440) ; *Riddle* v. *Sheppard*, 119 *Ga.* 930 (3) (47 S. E. 201) ; *Hill* v. *Harris*, 11 *Ga. App.* 358 (11) (75 S. E. 518).

5. The mere fact that the court, in charging the jury, inadvertently used the name of the defendant in fi. fa. instead of the name of the claimant is not, under the facts of this case, cause for a new trial. "The inadvertent use of the word 'plaintiff' instead of 'defendant' . . in the charge of the court to the jury is not cause for a new trial." *Walton* v. *Smith*, 43 *Ga. App.* 308 (2) (158 S. E. 641).

6. There is in the record a copy of the marshal's advertisement of the property levied on for sale, and the record further discloses that the property was not forthcoming on the day advertised for the purpose of this sale. It was not necessary for the plaintiff to prove a personal demand for the forthcoming of the property on the day of the sale, on either the principal in the bond or her security. *Thompson* v. *Mapp*, 6 *Ga.* 260; *Mapp* v. *Thompson*, 9 *Ga.* 42 (1).

7. Applying the above rulings, there being. sufficient evidence to authorize the verdict, the judge of the superior court did not err in overruling the certiorari sued out by the defendant in this case.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 27, 1933.

*Lawton Nalley,* for plaintiff in error.   *Abraham Ziegler,* contra.