35842. BELL *v.* PROCTOR.

Decided September 30, 1955—Rehearing denied October 13, 1955.

*Homer S. Durden, Jr.,* for plaintiff in error.
*Price, Spivey & Carlton,* contra.

GARDNER, P. J. Regarding the special damages for medical expenses, it is elementary that the husband is responsible, generally, under the law, for such items of medical expenses as are shown in the instant case. This rule is not applicable where such expenses are charged to the wife at her request, and she promises to pay such expenses herself instead of her husband paying them. The evidence revealed that the plaintiff made an agreement with the hospital and with the doctors that she would pay the expenses and that such expenses should be charged to her. The expenses were charged to the plaintiff personally. The bills were sent to her by the hospital and the doctors. See *Herring* v. *Holden*, 88 *Ga. App.* 212 (76 S. E. 2d 515).

Further, regarding the general grounds, it is contended by the defendant that the plaintiff was guilty, under the evidence, of contributory negligence in that she had an opportunity to leave the car after she realized that the defendant and James R. Proctor were so intoxicated as to make it unsafe for the plaintiff and her children to continue to ride in the car. It is true that under our law if a guest in a car is so heedless of her own safety that she fails to exercise ordinary care, such would prevent a recovery for injuries. Under the facts of the present case it is easily seen that there were striking differences existing between the circumstances of this case and the facts in the numerous cases cited on behalf of the defendant. One of the cases cited by the defendant is *Brown* v. *Binns*, 87 *Ga. App.* 485 (74 S. E. 2d 370). In that case the accused saw the driver of the car drink one-half pint of whisky prior to getting into the car and leaving in the car on the trip; that the driver stopped again, got out of the car and procured a pint of whisky, after which more drinking took place and the guest participated in the drinking and persisted in getting into the car with such knowledge of the driver's condition. Under such circumstances it was held that the guest assumed the risk involved and could not recover. That case and all other cases relied upon by the defendant are distinguishable from the facts and circumstances in the instant case. In the instant case we have a young mother with two small children; one a baby in her arms and the other child approximately two and one-half years of age. She entered the car in Augusta to return home with the defendant, along with the plaintiff's husband. At the time they left Augusta there had been no evidence of drinking by

either of the men. The plaintiff's home was in Swainsboro, Georgia. They left Augusta at night. On the way to Swainsboro the defendant stopped the car at a liquor store, went in, came back to the car and got in the car. There still had been no drinking or evidence of drinking. The party proceeded towards Swainsboro. A short time later they stopped at a filling station, went in while the plaintiff remained in the car, and after the men returned to the car the plaintiff smelled liquor on the breath of both of the men. The defendant began to drive erratically and the plaintiff complained to him about it and asked him to slow down. The defendant then stopped the car and asked the plaintiff's husband to drive the car. The plaintiff remained in the car with her baby and little boy. Her husband then began to drive. The plaintiff noted that her husband was driving too fast for safety and complained to him about it, calling his attention to the children and stating that she did not want them to be hurt. The husband failed to heed her pleas and continued to drive too fast. Then it was that the husband failed to make a curve, at high speed, and wrecked the car, which resulted in the injuries to the plaintiff. At this time the defendant was asleep. It is revealed by the evidence that at no time after the plaintiff knew or could have known that the two men were drinking did the plaintiff have an opportunity to get out of the car, handicapped as she was by having to take care of her two children. The plaintiff did everything which she could reasonably have been expected to do, under the circumstances, to prevent the injuries. According to her repeated testimony she begged both men to slow down, to drive carefully, but the men continued to drive recklessly and carelessly. We think it would have been the height of folly for her to have leaped from the car with a small baby in her arms, with the car going at high speed. At any rate, this was a question for the jury to determine. See *Evans* v. *Caldwell*, 45 *Ga. App.* 193 (163 S. E. 920), and *Stephenson* v. *Whiten*, 91 *Ga. App.* 110 (85 S. E. 2d 165). It must be kept in mind that the evidence reveals that, had the plaintiff left the car at night on a public highway, she would have submitted herself and her children to greater danger than she would have been in had she remained in the car. The law does not require her, under such circumstances as revealed

in the instant case, to do so, and the jury so found. The assignments of error on the statutory grounds show no reversible error.

Special ground 1 assigns error on the excerpt from the charge of the court as follows: "In determining where the preponderance of the evidence lies the jury may consider all the facts and circumstances of the case, the witness' manner of testifying, their means and opportunities for knowing the facts to which they testify, the probability or improbability of their testimony, and also their personal credibility in so far as the same may legitimately appear from the trial. The jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number." Code § 38-107 sets out the rules for determination as to where the preponderance of evidence lies. This court held in *Georgia Power Co.* v. *Burger,* 63 *Ga. App.* 784 (1) (11 S. E. 2d 834) as follows: "In charging the jury the provisions of the Code, § 38-107, the better practice is to charge the section in its entirety. The omission, whether through inadvertence or not, to charge some of the provisions therein contained, may or may not be error, dependent on the issues of the particular case under consideration. In the present case, the failure of the court to charge 'their interest or want of interest' while giving in charge such section, does not require a reversal. The weight of the evidence being considered was not clearly dependent on that being given by parties at interest, and there being no request to charge, its omission was not error." This case was cited approvingly by the Supreme Court in *Binson* v. *C & S National Bank,* 208 *Ga.* 813 (5) (69 S. E. 2d 866). There is nothing in this record which requires a reversal of the instant case because the court failed to include in its charge "interest or want of interest."

Special ground 2 assigns error on the following excerpt: "And, if in this case, gentlemen, you find the injury occurred because of the gross negligence of the defendant or his servant, one he has placed in control of the car, should he have placed anyone in control of the car; was slightly negligent in the exercise of slight negligence, brought about the injury to the plaintiff in this case, I charge you that she would be entitled to recover whatever the jury finds that has been proven damages." We consider this a mere slip of the tongue of the trial court. A reading of the

whole charge shows that there was no error actually harmful to the defendant when we consider the whole charge. The charge of the court of which a portion is set out in this special ground began with the following paragraph: "Gentlemen, if you find the plaintiff was a guest in the car of the defendant I charge you that the defendant would be liable only for gross negligence. Gross negligence, in general, slight diligence is that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances. . . The absence of such care is termed gross negligence, the defendant would be liable only for acts of gross negligence." It will thus be seen that the court had stated twice, in the paragraph quoted immediately hereinabove, that the defendant was liable only for gross negligence. At the conclusion of the charge the court said: "It has been called to my attention there may be some misunderstanding on the idea of gross negligence or slight diligence. One is the opposite from the other. If a person has been grossly negligent he hasn't used slight diligence. I think that is clear to the jury." Under the whole charge of the court the jury could not have been misled and they could not have reasonably interpreted the charge to mean anything other than that the defendant would be liable only for gross negligence. In *Siegel* v. *State*, 206 *Ga.* 252 (2) (56 S. E. 2d 512) the Supreme Court said: "A mere verbal inaccuracy in a charge, which results from a palpable 'slip of the tongue', and clearly could not have misled or confused the jury, is not cause for a new trial."

Special ground 3 alleges that the court erred in giving the jury the following instructions pertaining to the diligence required of the plaintiff: "Now, gentlemen, the plaintiff has to exercise ordinary care to prevent injury to herself. In other words if the plaintiff was in the exercise of gross negligence, but by the exercise of ordinary care and diligence the plaintiff could have prevented injury to herself, she could not recover." The defendant contends that the above excerpt is reversible error because the court used the word "plaintiff" in a portion of this excerpt when he should have used the word "defendant." It is apparent that the court did use the word "plaintiff" in one place in the excerpt when he should have used the word "defendant." This is definitely a "slip of the tongue." Such does not require

a reversal. This court has passed on the identical question in *Walton* v. *Smith*, 43 *Ga. App.* 308 (158 S. E. 641) in the following language: "As to the first of these assignments, it seems to be evident that, due to a lapsus linguæ, the trial judge, in one portion of his charge, used the term 'plaintiff' instead of 'defendant', and vice versa. Such an inadvertence is not uncommon, and in the present instance, when considered in connection with the preceding language of the charge, ought not to, and doubtless did not, confuse the jury, and was not harmful and prejudicial, and did not preclude any finding in favor of the defendant, as alleged in the exception. Justice would not be promoted, but, on the contrary, might well be defeated, if the court were to set aside the verdict upon any ground of such a technical nature as that occurring here. We hold that the exception is without merit." See also *Hill* v. *George*, 47 *Ga. App.* 272, 273 (5) (170 S. E. 326), and *Atlas Auto Finance Co.* v. *Atkins*, 79 *Ga. App.* 91, 97 (53 S. E. 2d 171).

Special ground 4 assigns error on the following excerpt from the charge of the court: "It is a violation of the law of Georgia for anyone to operate a motor vehicle upon a public highway or street while under the influence of alcoholic beverages. Should the jury find under the evidence that the defendant or driver of the car operated the car while under the influence of intoxicating beverages it would still be a matter for the jury to determine whether or not such operation was the proximate cause of the accident that resulted in injury to the plaintiff in the case, if any injury did result from the accident." It is not contended that this is not a correct principle of law, but it is contended that the court should have gone further in connection with this part of the charge, and instructed the jury that driving a car under the influence of intoxicating liquors is gross negligence and that such operation is the proximate cause of the injuries. We are satisfied that hereinabove in this opinion we have explained that, when we view the charge as a whole, the court clearly and fully instructed the jury that the plaintiff could not recover unless the defendant was guilty of gross negligence which resulted in or was the proximate cause of the injuries to the plaintiff. This assignment of error is without merit.

770

The court did not err in denying the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*