36279.   KICKLITER *v.* YOUNG *et al.*

DECIDED SEPTEMBER 20, 1956—REHEARING DENIED OCTOBER 5, 1956.

*Wm. F. Buchanan, Lamar W. Sizemore, Newell Edenfield, A. Ed Lane, Jr.,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr., Herbert O. Edwards,* contra.

GARDNER, P. J.   The plaintiff was entirely within her rights to stay the proceedings against Farmer pending review by the appellate court regarding the nonsuit as to Young.   See *Fambro* v. *Sparks,* 86 *Ga. App.* 726 (72 S. E. 2d 473).   As to whether or not the judge properly granted the nonsuit as to Young, we will briefly review the evidence concerning the alleged agency of Farmer.   It appears that Young was and is a "country music" singer; that at the time in question he was in the military service of the United States and was stationed at Fort McPherson, Atlanta, Georgia; that Farmer was helping Young with his publicity, it being important for Young to keep his name before the public during the period of his military service; that because

of this relationship Farmer frequently used Young's car; that Young would leave the key in the car and Farmer would take the car and make calls with a view of promoting Young and would later leave the car there at Young's home or at the base or at the airport or at some place acceptable to each of them; that Farmer called on disc jockeys at radio stations around Atlanta in behalf of Young and was successful in getting Young's records in juke boxes in and around Atlanta; that on the day of the collision Farmer went to Young's house during Young's absence and obtained the car from Young's wife; that after obtaining the car he carried Young's laundry to the cleaners at the request of Young's wife; that thereafter he called on a disc jockey at Radio Station WTJH at East Point, went to lunch with him and left a picture of Young with the disc jockey; thereafter Farmer picked up three other boys; they stopped at a store where Farmer "believes he left some of Young's pictures"; they then proceeded on Highway 42 to the point of the collision; that his purpose in going to the night club where he was headed at the time of the collision was that if an opportunity presented itself he intended to give a picture of Young to anyone he thought might want one, and that he hoped to obtain a tape recorder for his own use. There is other evidence along the same line, some of it conflicting.

On application for a nonsuit that view of the evidence most favorable to the plaintiff must always be taken, a nonsuit being improper even where there is no conflict in the evidence, if reasonable men might differ as to the inference to be drawn from the testimony. In *Elrod* v. *McConnell*, 170 *Ga*. 892 (1) (154 S. E. 449), the Supreme Court said: "If there be any evidence upon which a verdict could be rendered the case should not be withholden from the jury." It is not necessary that an agent have a formal contract of employment, and under peculiar circumstances one may be an authorized agent and have no regular hours of labor and no fixed manner or rate of compensation— in fact one may be an agent though he receives no compensation whatsoever. See *Smith* v. *W. & A. R. Co.*, 134 *Ga*. 216 (67 S. E. 818). Since Farmer was doing the chores set out hereinabove, this case does not come within the ruling of *Johnson* v. *Brant*, 93 *Ga. App*. 44 (90 S. E. 2d 587), which case turned on the fact

that the car was loaned to another for personal business of the borrower only, nothing more appearing. In the instant case it clearly appears that Farmer borrowed the car to do errands which came in the scope of his agency. We cannot say as a matter of law that the relationship of principal and agent did not exist. But we do say that upon the facts as herein set out it is for the jury to determine whether or not an agency existed either by express agreement or by implication. Under all of the evidence · submitted it is our opinion that the trial court should have allowed the case to be passed on by a jury. See *Dawson Motor Co. v. Petty,* 53 *Ga. App.* 746 (186 S. E. 877) and *Vickers v. A. & W. P. R. Co.,* 64 *Ga.* 306.

The trial court erred in granting a nonsuit and thus preventing the jury from passing on the issues involved.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*