19566. YOUNG *v.* KICKLITER *et al.*

SUBMITTED JANUARY 16, 1957—DECIDED FEBRUARY 12, 1957.

*T. J. Long, Ben Weinberg, Jr.*, for plaintiff in error.

*Newell Edenfield, Herbert Edwards, A. Ed Lane, Paul Kicklighter*, contra.

HAWKINS, Justice. As stated in the opinion of the Court of Appeals, the plaintiff, Mrs. W. B. Kickliter, was riding as a passenger in an automobile driven by her husband when an automobile owned by Faron Young and driven by Jack Farmer struck the Kickliter vehicle and injured the plaintiff. On the trial of the case against Young and Farmer, the trial court granted a nonsuit in favor of Young, on the ground that the evidence was insufficient to show that Farmer was an agent of Young, or that, if he was an agent, he was driving the automobile as an agent at the time of the collision, and to this judgment the plaintiff excepted, which judgment the Court of Appeals reversed. *Kickliter v. Young*, 94 *Ga. App.* 442 (95 S. E. 2d 333).

Certiorari was granted in this case because it involves the question frequently arising as to the liability of the owner of an automobile for damages inflicted by it while being operated by a person other than the owner. The owner of an automobile is not liable for injuries inflicted by it while being negligently operated by another, unless the person driving it was the agent or servant of the owner, and engaged upon the business of the owner at the time the injury occurred (*Samples v. Shaw*, 47 *Ga. App.* 337, 170 S. E. 389), or unless the owner of the automobile entrusts it to one whom he knows to be an incompetent or reckless driver, or that the automobile has some mechanical defect (*Johnson v. Brant*, 93 *Ga. App.* 44, 90 S. E. 2d 587), which latter principles are not involved in the present case.

While the Court of Appeals in its opinion points out certain facts appearing in the record as to the acquaintance and conduct of Young and Farmer for a period of time ending some five or six months prior to the date of the collision here involved, from which it holds that a jury might have been authorized to find that the relationship of principal and agent existed between them at that time, the undisputed evidence appearing in the record discloses that, some five or six months prior to the date of the collision, Farmer accepted a position in and moved to New Orleans, where he remained until he returned to Atlanta on July 24, 1954, during which time he had not seen Young and had not driven Young's automobile; that on Wednesday, July 27, 1954, the date on which the collision occurred, Farmer knew that Young was out of the State, and without Young's knowledge or consent, Farmer persuaded Young's wife to permit him to drive

Young's automobile for his own pleasure and convenience; and that Young's wife acquiesced in Farmer's offer to deliver some laundry for her while so doing; that, at the time of the collision, Farmer had already delivered this laundry, and while he might during the day have distributed some of Young's pictures to boost his publicity as an entertainer, this was without Young's knowledge or consent, and at the time of the collision, which occurred some nine or ten miles from the point where Farmer had delivered the laundry, Farmer was on a mission of his own to try to arrange for the purchase of a tape recorder for his own use, and with which enterprise Young had nothing whatsoever to do, and no interest whatever therein.

Thus, even if it could be held that Young's wife was authorized as agent of Young to permit Farmer to drive Young's car as Young's agent (as to which question see *Thompson* v. *Brown*, 121 *Ga.* 814, 49 S. E. 740; *Samples* v. *Shaw*, 47 *Ga. App.* 337, 338 (4), 170 S. E. 389), and even if it could be held that the gratuitous delivery or handing out of Young's pictures by Farmer on this date, without Young's knowledge or consent, would create the relationship of employer and employee or principal and agent between them, and thereby impose upon Young liability for Farmer's alleged negligent operation of the automobile while so engaged (Code, Ann. Supp., § 68-301; Code § 105-108), the undisputed testimony in the record is that, at the time of the collision, which occurred several miles from the point where any such pictures had been handed out or the laundry had been delivered, Farmer was on a mission of his own to secure a tape recorder for his own use, of which mission neither Young nor his wife had any knowledge whatever, and with which Young had no connection, although it is inferable from Farmer's testimony on cross-examination that, had the opportunity presented itself during this particular trip, he might have given a picture of Young to anyone who he thought might want one. Such evidence demands the conclusion that, at the time of the collision, Farmer was on a purely personal mission of his own, and entirely without the scope of his agency, if such agency had ever existed, and for his alleged negligent operation of the automobile at the time and place of the collision the owner is not liable. *Fielder* v. *Davison*, 139 *Ga.* 509 (77 S. E. 618); *Ruff* v. *Gazaway*, 82 *Ga.*

*App.* 151 (60 S. E. 2d 467); *Johnson* v. *Brant,* 93 *Ga. App.* 44, supra. The trial court properly granted a nonsuit as to the defendant Young, and the Court of Appeals erred in reversing that judgment.

*Judgment reversed. All the Justices concur.*