### 39146. RUSSELL v. PITTS.

148

DECIDED NOVEMBER 30, 1961—REHEARING DENIED
DECEMBER 14, 1961.

*Owen Roberts, Jr., Roberts & Thornton,* for plaintiff in error.
*Foley, Chappell, Young & Hollis,* contra.

CARLISLE, Presiding Judge. ■ The first two special grounds of the motion for a new trial attack evidence introduced for the purpose of showing that a sample of the plaintiff's blood was obtained soon after her entry to the hospital, which when examined showed a concentration of .37% alcohol by weight, an amount sufficient to render her heavily intoxicated. Dr. Whatley, who treated the plaintiff, testified that he was not present when the blood sample was taken; that he is familiar with the

emergency room and with the manner in which instruments and hypodermic needles are prepared and sterilized at the medical center, and that it is his professional impression all syringes and needles are steam pressure autoclaved, and no alcohol sterilization is used; that he knows Dr. R. Williams, a former resident or intern at the medical center, and that Dr. Williams' competency and conscientiousness are of the highest. Corporal Parr testified that he is employed by the Department of Public Safety and investigated the accident; that he subsequently came to the medical center at Columbus; that he asked Dr. Williams to take a blood sample of the plaintiff; that he was present when the blood sample was taken; that the operation was performed by sticking a needle in the plaintiff's arm, drawing out some blood placing it in a glass tube with rubber stopper and adhesive tape, and that the witness then mailed the blood sample to Atlanta. He identified the envelope in which it was received and verified that it was in the same condition except for the opening slit and identification marks as when he mailed it. H. E. Pyles testified that he is a toxicologist with the Georgia State Crime Laboratory; that he recognized the envelope identified by Parr as the one he received on January 13, 1958; that he slit the envelope and upon removing the tube of blood tested the sample for alcohol and found that it contained a percentage of .37% alcohol by weight.

The objections are (1) to allowing Dr. Whatley to testify to the uniform procedure of sterilization in the medical center and (2) to allowing a toxicologist to testify to the alcohol content of the blood sample for the reasons that he was not present when the sample was taken, no foundation was laid for the introduction of such evidence, and it was not shown that a qualified medical man obtained the blood sample used.

As to the first objection, it is generally permissible to allow a witness to testify from his own knowledge as to the usual custom or course of dealing involving the business routine of the party involved, in this case the medical center. *Farmers Ginnery &c. Co. v. Thrasher,* 144 Ga. 598(3) (87 SE 804); *Gulf Refining Co. v. Smith,* 164 Ga. 811(7) (139 SE 716); *Burch v. Americus Grocery Co.,* 125 Ga. 153(3) (53 SE 1008); *Butler v. State,*

142 Ga. 286(6) (82 SE 654); *Leonard v. Mixon,* 96 Ga. 239 (23 SE 80, 51 ASR 134). The witness showed sufficient familiarity with the methods of sterilization employed to serve as a basis for the introduction of the testimony.

As to the second objection, the evidence as a whole shows that the blood sample was taken by a qualified doctor and the fact that the witness who examined the sample thereafter was not present at the time it was taken is immaterial. It would appear very rare indeed that the police officer or physician extracting the blood would also be a toxicologist qualified to analyze the specimen. The case of Rodgers v. Commonwealth, 197 Va. 527 (90 SE2d 257), cited by plaintiff in error, does not require a contrary decision for the reason, among others, that it was necessary for the testimony complained of in that case to show beyond a reasonable doubt in order to warrant a conviction that the alcoholic content was sufficient to prove intoxication. Such evidence may not be sufficient by itself to demand this conclusion beyond a reasonable doubt, but may yet be admissible along with other testimony as to the intoxicated condition of the plaintiff to authorize its consideration in a civil case. We are cited to no rule of law which would make such tests, authorized in criminal cases under *Code Ann.* § 68-1625, inadmissible in civil cases. The objection that no foundation was laid for the testimony is too indefinite to raise any question for determination. *Barkley v. State,* 190 Ga. 641(3) (10 SE2d 32). These grounds are without merit.

■ Special ground 3 of the amended motion for a new trial assigns error on "testimony by movant that she had been arrested on several occasions for drunkenness (page 40, brief of evidence). Documentary evidence showing five pleas of guilty to drunkenness, and seven bond forfeitures on drunk charges in the courts of Columbus and Muscogee County," on grounds of irrelevancy and that the documentary evidence was not properly certified. The movant has failed to set out the documentary evidence literally or in substance, and has failed to indicate by page number where in the record the evidence objected to may be located. The page reference to the movant's testimony referred to is erroneous, and amounts to no identification what-

ever of the evidence to which the objection was made. The special ground is, as a result, too indefinite for consideration. *Maxwell v. Hollis,* 214 Ga. 358 (1) (104 SE2d 893). *Code Ann.* § 6-901.

■ Special grounds 4 and 5 complain that the court in his instructions to the jury twice used the expression "plaintiff and defendant's wife" when he actually meant "plaintiff's wife and defendant". This appears to have been a mere slip of the tongue which in view of the charge as a whole could not have confused the jury in any manner. Construed in this connection the error was harmless and does not require a reversal. *Bell v. Proctor,* 92 Ga. App. 759, 768 (90 SE2d 84); *Walton v..Smith,* 43 Ga. App. 308 (158 SE 641).

The excerpt from the charge complained of in special ground 7 is taken in substance from *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6). There is no merit to the objection that it is an unauthorized statement of the law. Plaintiff in error argues in his brief that these objections include the criticism that the charge given failed to include an instruction on the doctrine of last clear chance and that without this amplification it constituted error. The last clear chance doctrine is but a phase of proximate cause and should, if the movant desires it to be given in charge in this connection, be specifically requested. *Wright v. Bales,* 62 Ga. App. 328, 334 (7 SE2d 765).

■ Whether or not the fact that the defendant is able to stop his vehicle within the range of his headlights so as to avoid injury to a person or property on the highway depends upon the facts of the case. It is usually a jury question as to whether such conduct under particular circumstances amounts to negligence sufficient to authorize recovery by the plaintiff, the true question being whether or not the defendant was in the exercise of ordinary care under the fact situation shown by the evidence. *Bach v. Bragg Bros. & Blackwell,* 53 Ga. App. 574 (3) (186 SE 711); *Bassett v. Callaway,* 72 Ga. App. 97 (33 SE2d 112); *Pollard v. Clifton,* 62 Ga. App. 573 (1) (9 SE2d 782); *McDowall Transport, Inc. v. Gault,* 80 Ga. App. 445, 447 (56 SE2d 161); *Southern Bakeries Co. v. White,* 103 Ga. App. 146 (118 SE2d 724). The excerpt from the charge that "the law does not

require that the driver of an automobile be able to stop his car within the range of his headlights" (special ground 8) while it might have been confusing alone or in a different context, was, in connection with the instruction given that the question to be decided by the jury is whether or not the driver exercised ordinary care in anticipating the presence of the person or obstruction on the highway, perfectly clear in that it left to the jury the question of whether or not such conduct on the part of the defendant would constitute negligence under the facts shown in this case. This ground also is without merit, and the remaining grounds are specifically abandoned.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Eberhardt and Custer, JJ., concur.*