## 39249. PENDRY v. ADDISON et al.

FRANKUM, Judge. J. C. Pendry filed suit against John Addison and Fred Evans seeking damages for personal injuries he sustained when he drove his truck against a farm tractor and trailer which was being driven by John Addison. Plaintiff's petition alleges that the tractor was owned by Fred Evans and at the time of the collision was being driven by John Addison as an employee of Fred Evans in the performance of his duties as such employee. During the course of the trial the court granted a nonsuit as to Fred Evans. The jury returned a verdict in favor of the plaintiff against the defendant John Addison. The plaintiff filed a motion for a new trial on the usual general grounds and later, by amendment, added several special grounds. The court overruled the motion. The court's rulings in granting a nonsuit and in overruling the motion for a new trial are assigned as error in the plaintiff's bill of exceptions. *Held:*

1. Special grounds of a motion for a new trial assigning error on the failure of the court to charge upon a particular principle of law without setting forth the evidence authorizing such charge are incomplete. *Hardwick v. Georgia Power Co.,* 100 Ga. App. 38 (110 SE2d 24); *Hodges v. Gay,* 100 Ga. App. 210 (110 SE2d 570); *Valdosta Coca Cola Bottling Works v. Montgomery,* 102 Ga. App. 440 (116 SE2d 675). Also: "It is not a good assignment of error on a portion of

the judge's charge which states a correct principle of law applicable to the case that some other correct and appropriate instruction was not given." *Roberts v. State*, 88 Ga. App. 767 (1a) (77 SE2d 825). See *Lightfoot v. Southeastern Liquid Fertilizer Co.*, 102 Ga. App. 512 (116 SE2d 651).

2. "The court will take judicial notice of the time of sunrise and sunset, and it is unnecessary to introduce evidence of such fact. However, evidence in the form of an almanac or other writing may be introduced in evidence, for the purpose of refreshing the minds of the court and jury, and unless such evidence be shown to have been incorrect, or inaccurate, its admission will not constitute harmful or reversible error." *Fields v. Jackson*, 102 Ga. App. 117 (5) (115 SE2d 877).

3. In one instance while charging the jury, the judge used the word "plaintiff" when he should have said "defendant." Movant contends that this was error. However, when this charge is considered as a whole, it is clear that the inadvertent use of "plaintiff" instead of "defendant" was a slip of the tongue which was not likely to confuse or mislead the jury, and, therefore, was not harmful. In another case when ruling upon a similar question, this court said: "The inadvertent use of the word 'plaintiff' instead of 'defendant,' and vice versa, in the charge of the court to the jury, is not cause for a new trial, and the other special grounds of the motion for a new trial disclose no reversible error." *Walton v. Smith*, 43 Ga. App. 308 (2) (158 SE 641). For other applicable cases see *Bell v. Proctor*, 92 Ga. App. 759 (90 SE2d 84); *Turner v. Elliott*, 127 Ga. 338 (4) (56 SE 434).

4. There is no merit in special ground 7 of the motion by which movant contends that a witness could not give his opinion of the speed of the plaintiff's vehicle at the time the plaintiff passed the witness about 400 yards from the scene of the collision, since the evidence shows that the witness gave sufficient facts on which to base an opinion of such speed. *Fisher Motor Car Co. v. Seymour & Allen*, 9 Ga. App. 465 (71 SE 764); *Rentz v. Collins*, 51 Ga. App. 782 (181 SE 678); *Augusta Ry. &c. Co. v. Arthur*, 3 Ga. App. 513 (60 SE 213); *Ellison v. Evans*, 85 Ga. App. 292 (69 SE2d 94).

5. The evidence supports the verdict. Therefore, in view of what has been said with reference to the special grounds of the motion for a new trial, the court did not err in overruling the motion.

6. The remaining assignment of error in the bill of exceptions is that the court erred in granting a nonsuit as to defendant Fred Evans. After the nonsuit was granted, the plaintiff proceeded with the trial of the case and obtained a verdict against the remaining defendant, John Addison. The plaintiff thereby elected to proceed against John Addison only and to abandon his case against Fred Evans. The plaintiff cannot thereafter except to the granting of the nonsuit. *Vandiver v. Ga. R. & Power Co.*, 38 Ga. App. 59 (143 SE 455); *Edwards v. Gulf Oil Corp.*, 69 Ga. App. 140 (24 SE2d 843); *Fambro v. Sparks*, 86 Ga. App. 726 (72 SE2d 473); *Kickliter v. Young*, 94 Ga. App. 442 (95 SE2d 333). See *Wood v. Stevens*, 144 Ga. 518 (87 SE 658); *Hodges v. Seaboard Loan &c. Assn.*, 188 Ga. 410 (3 SE2d 677); *Consolidated Realty Investments, Inc. v. Gasque*, 203 Ga. 790 (48 SE2d 510); *McRae v. Gulf Refining Co.*, 43 Ga. App. 422 (159 SE 133).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

Decided April 3, 1962.

*Marshall L. Fountain*, for plaintiff in error.

*Hull, Willingham, Towill & Norman, Walter A. Reiser, Jr., Abbot & Abbot, James C. Abbot*, contra.