## 43541. BRAY et al. v. CENTRAL CHEVROLET, INC. et al.
## 43542. LAWHORN et al. v. CENTRAL CHEVROLET, INC. et al.

WHITMAN, Judge. Both these cases are suits for damages arising out of the same automobile collision.

In the Lawhorn case, the complaint of Charles Lawhorn and Mrs. Delores Lawhorn alleges in substance that a car owned by defendant Central Chevrolet, Inc., containing four occupants, negligently ran into plaintiffs' car injuring both plaintiffs; that two of the occupants of Central Chevrolet's car ran from the scene and for that reason plaintiffs are unable to name the driver; but that the other two occupants were Frank B. Smith and Wade Nixon, both of whom were at the time agents, servants and employees of Central Chevrolet and acting within the scope of their employment.

The complaint of Lawrence Bray and Mrs. Verida Bray is identical to the Lawhorn complaint with the exception that the Brays are alleged to have been passengers in the Lawhorn car.

In both cases the plaintiffs below appeal from orders dismissing their complaints for failure to state a claim upon which relief could be granted. The same are enumerated as error.

Smith and Nixon were also named as defendants in each case but made no motions before the trial court and were not affected by the orders dismissing the complaints as to Central Chevrolet. *Held:*

The plaintiffs take the position that their complaints sufficiently state a claim within the requirements of the new Civil Practice Act (Ga. L. 1966, p. 609 et seq.; *Code Ann.* § 81A-101 et seq.); that the new rules of practice which are patterned after the Federal Rules of Civil Procedure require only that a defendant be given fair notice of the nature and basis of the claim; and that defendant, in accordance with all that the procedure requires, has been given notice that a suit is being brought against it for damages based upon the negligence of its agents, servants and employees.

The defendant recognizes the liberality of the new rules, but contends that the complaints are nevertheless insufficient; that mere ownership of an automobile of which the driver is charged with negligence is no basis for liability; that in order to find liability, there must be an agency relationship between the owner and driver, or a negligent entrustment (*Young v.*

*Kickliter*, 213 Ga. 42 (1) (96 SE2d 605)); and that while there is an allegation that two of Central Chevrolet's agents, servants and employees were in the automobile and acting within the scope of their employment, there is no allegation that either of them was driving the automobile.

What defendant has pointed out with regard to the complaints' contents is correct. However, there is ample room within the framework of the complaints for introducing evidence which would support a recovery, and this is all that is required. A complaint " 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U. S. 41, 45-46 (78 SC 99, 2 LE2d 80). See also *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260)." *American Southern Ins. Co. v. Kirkland*, 118 Ga. App. 170 (162 SE2d 862).

The trial court erred in dismissing the complaints.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED APRIL 1, 1968—DECIDED OCTOBER 9, 1968.

*Neil L. Heimanson, Dan C. Mitchell,* for appellants.

*Swift, Currie, McGhee & Hiers, Robert S. Harkey, John L. Respess, Jr.,* for appellees.