### 43926.   LAND v. ROBB et al.

WHITMAN, Judge.   This case involves suits for damages arising out of an automobile collision. Plaintiff Robb sued defendant Land alleging negligence. Defendant Land filed a cross action alleging plaintiff Robb was negligent.

Because of the evidence presented at the trial, it was necessary to charge the jury on the doctrine of comparative negligence. The two enumerations of error relate to one sentence of the trial court's comparative negligence charge, to wit: "As an illustration, if you believe that Mr. Robb was two-thirds at fault, and Mr. Land was one-third at fault, no recovery could be had by Mr. Land."

The court, obviously, should have ended the above sentence with

"Mr. Robb." The question is whether reversal is required because of the mistake. *Held:*

The mistake occurred during that portion of the charge in which the jury was being instructed as to the law applicable to Robb's action (the main action) against Land. The instructions were as follows: "Considering first the suit brought by Mr. Robb, to recover damages from the defendant, I charge you that if you find the plaintiff, Mr. Robb, and the defendant, Mr. Land, were both at fault, you shall apply the following principles of law: If the negligence of Mr. Robb was equal to the negligence of Mr. Land, there could be no recovery by Mr. Robb. If the negligence of Mr. Robb was greater than the negligence of Mr. Land, Mr. Robb could not recover from the defendant. If the negligence of Mr. Robb was less than that of Mr. Iand, and Mr. Robb is otherwise entitled to recover against the defendant, the total amount of damages in dollars and cents should be reduced to the amount of negligence chargeable to Mr. Robb. As an illustration, if you believe that Mr. Robb was two thirds at fault, and Mr. Land was one-third at fault, no recovery could be had by Mr. Land. If you believe that Mr. Robb was one-half at fault, and Mr. Land was one-half at fault, the negligence of each would offset the other, and no recovery could be had by Mr. Robb. If you believe that Mr. Robb was one-third at fault, and Mr. Land was two-thirds at fault, and you believe Mr. Robb is otherwise entitled to recover, under the evidence and the instructions I give you, a certain sum of money, then the amount of recovery would be reduced by one-third of that sum, because Mr. Robb cannot recover for that part of the negligence which he contributed, but only that part of the total negligence contributed by the defendant."

Immediately thereafter, with regard to the defendant's cross action, the court charged: "Considering the cross action of the defendant, I charge you that the same principles of contributory negligence that I have just given you in charge would be applicable, and you are to apply them to this cross action of the defendant in the same manner as you apply them to plaintiff's action."

When the charge is considered as a whole, it is apparent that there was a mere slip of the tongue in the instance complained of, and it is also apparent that it was not harmful. The basic principle of the charge was not changed or confused thereby,

and furthermore was applied equally by the charge to both parties.

For cases involving "a mere slip of the tongue," see the following cases which give support to the holding that the portion of the charge complained of in this case did not constitute harmful error: *Holmes v. State*, 60 Ga. App. 239 (3 SE2d 839); *Bell v. Proctor*, 92 Ga. App. 759, 767 (90 SE2d 84), affirmed on certiorari as to this ruling, 212 Ga. 325 (92 SE2d 514); *Russell v. Pitts*, 105 Ga. App. 147 (3) (123 SE2d 708); *Pendry v. Addison*, 105 Ga. App. 673 (3) (125 SE2d 523); *Kane v. Standard Oil Co.*, 108 Ga. App. 602 (2) (133 SE2d 913); *Goldstein v. Karr*, 110 Ga. App. 806 (4) (140 SE2d 40); *McEwen v. State*, 113 Ga. App. 765 (4) (149 SE2d 716); *Siegel v. State*, 206 Ga. 252 (2) (56 SE2d 512); *Dickerson v. Harvey*, 221 Ga. 606, 608 (146 SE2d 310); *Salisbury v. State*, 223 Ga. 414 (3) (156 SE2d 48).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

Submitted September 4, 1968—Decided March 11, 1969.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr., F. Larry Salmon,* for appellees.