609 S.E.2d 305

**S.C. LABOR LIMITED, LLC, Respondent,**

v.

**EASTERN TREE SERVICE, INC., Appellant.**

No. 3945.

Court of Appeals of South Carolina.

Heard Jan. 11, 2005.

Decided Feb. 14, 2005.

Rhett D. Burney and Matthew P. Turner, both of Laurens, for appellant.

C. Richard Stewart, of Greenville, for respondent.

GOOLSBY, J.:

South Carolina Labor Limited, LLC, a corporation that provides temporary workers to businesses, sued Eastern Tree Service, Inc., alleging Tree Service failed to pay Labor Limited for workers. Labor Limited filed a motion for summary judgment. In support of the motion, Labor Limited submitted invoices as evidence of the existence of an agreement and as evidence of the amount of payment Tree Service owed. In opposition, Tree Service submitted the affidavits and depositions of Walter T. Caldwell, who purchased Tree Service during a time it did business with Labor Limited, and John Martin, Jr., a Tree Service manager. In the affidavits and depositions, Caldwell and Martin questioned the credibility of the Labor Limited invoices based on their knowledge of the normal business practices of Tree Service. The trial court granted the summary judgment motion and entered judgment in favor of Labor Limited. Tree Service filed a motion to alter or amend pursuant to Rule 59(e), SCRCP, and the trial court denied the motion. Tree Service appeals. We reverse.

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Fleming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002). "Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Baird v. Charleston County*, 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999).

In granting Labor Limited summary judgment, the trial court found the affidavits and depositions offered by Tree Service did not create a genuine issue of material fact as to the number of workers Labor Limited supplied Tree Service and the number of hours they worked. In reaching this conclusion, the trial court found the affidavits were not in conformity with the requirements of Rule 56(e), SCRCP, in that neither Caldwell nor Martin had personal knowledge "of what transpired between [Labor Limited] and [Tree Service]" but rather "[t]he affidavits expressed opinion as to what those individuals felt should have been done."

■ Tree Service argues the trial court erred in finding Caldwell's and Martin's affidavits were not based on personal knowledge. We agree.

Rule 56(e) provides, "affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." *See Hall v. Fedor,* 349 S.C. 169, 175, 561 S.E.2d 654, 657 (Ct.App.2002) (holding "materials used to support or refute a motion for summary judgment must be those which would be admissible in evidence").

■ The information included in the affidavits at issue, as well as the information supplied by Caldwell and Martin in their depositions, are based on personal knowledge and, moreover, are admissible in evidence to counter the evidence supplied by Labor Limited as to the number of workers it furnished Tree Service and the number of hours these workers performed labor for Tree Service. Statements as to a routine practice of an organization are admissible to prove what was done in a given situation was in conformity with routine practice. *Park Club, Inc. v. Resolution Trust Corp.,* 967 F.2d 1053 (5th Cir.1992); *see* Danny R. Collins, *South Carolina Evidence* § 9.3, 252–253, 257–258 (2d. ed., South Carolina Bar 2000); *Russell v. Pitts,* 105 Ga.App. 147, 123 S.E.2d 708, 710 (1961) ("[I]t is generally permissible to allow a witness to testify from his own knowledge as to the usual custom or course of dealing involving the business routine of the party involved."); *Micke v. Jack Walters & Sons Corp.,* 70 Wis.2d 388, 234 N.W.2d 347 (1975) (finding evidence of a corporation's routine practice was relevant and properly admitted to determine whether a manager explained the corporation's policy concerning commissions to a prior employee); *Spartan Grain & Mill Co. v. Ayers,* 517 F.2d 214 (5th Cir.1975) (holding evidence of how the seller customarily handled eggs was improperly excluded). Furthermore, evidence of custom and practice can be used to rebut evidence of fact. *See Park Club,* 967 F.2d at 1057; *Meyer v. United States,* 638 F.2d 155 (10th Cir.1980) (holding evidence that a dentist customarily warned his patients of the risks of surgery was adequate to rebut a patient's testimony that the dentist did not warn her).

Labor Limited supplied weekly invoices that included the number of workers, the number of hours each worker labored, the rate of pay, and the total amount due. Most of the invoices show three workers labored forty hours.

Caldwell, as an owner of Tree Service during a time it did business with Labor Limited, is qualified to describe the routine practices of Tree Service to counter the invoices supplied by Labor Limited. Caldwell stated in his deposition Tree Service employees typically worked only four days a week.

Martin, who worked for Tree Service during the time Labor Limited supplied workers to Tree Service and later became its manager, personally ordered workers from Labor Limited on several occasions. In his affidavit, he stated that Tree Service, when using Labor Limited workers, customarily employed two workers "at the most" and these workers "would not have worked ten hour days on most occasions."

Although the question is a close one, we cannot say that a rational trier of fact could not find that the number of Labor Limited workers retained by Tree Service and the number of hours they worked were less than the Labor Limited invoices show.

**REVERSED and REMANDED.**[1]

HEARN, C.J., and WILLIAMS, JJ., concur.

---

1. Tree Service also raises an issue concerning the Dead Man's Statute, S.C.Code Ann. § 19–11–20 (2003). We do not address this issue because we do not give advisory opinions. *See Springob v. Farrar*, 334 S.C. 585, 592, 514 S.E.2d 135, 139 (Ct.App.1999).